1  THOMAS V. CHRISTOPHER (SBN#185928)
   Thomas@ThomasChristopherLaw.com
2  THE LAW OFFICES OF THOMAS V. CHRISTOPHER
   555 California Street, Suite 4925
3  San Francisco, California 94104
   Telephone: (415) 659-1805
4  Facsimile:  (415) 659-1950

5  Attorney for Plaintiff
   3TAPS, INC.
6

7

8                     UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  3TAPS, INC., a Delaware Corporation,        )   CASE NO.: _____
                                                )
12                          Plaintiff,          )   **3TAPS, INC.'S COMPLAINT FOR**
                                                )   **DECLARATORY JUDGMENT AGAINST**
13              v.                              )   **LINKEDIN CORPORATION UNDER 22**
                                                )   **U.S.C. SECTION 2201 THAT**
14  LINKEDIN CORPORATION, a Delaware            )   **PLAINTIFF'S ACTIONS WILL NOT**
    Corporation,                                )   **VIOLATE THE COMPUTER FRAUD**
15                                              )   **AND ABUSE ACT (18 U.S.C. 1030)**
                            Defendant.          )
16                                              )
                                                )
17                                              )
                                                )
18                                              )
                                                )
19                                              )
                                                )
20  _____  )

21

22

23

24

25

26

27

28

**Complaint of 3taps, Inc.**                                    **Case No. _____**

1    Plaintiff 3taps, Inc. ("3taps" or "Plaintiff"), by and through its attorneys, brings this

2  Complaint against LinkedIn Corporation ("LinkedIn" or "Defendant") and alleges as

3  follows:

### NATURE OF THE ACTION

5    1.    On August 14, 2017, the Honorable Edward M. Chen of this court issued a

6  decision in the matter of hiQ Labs v. LinkedIn Corp., ___ F. Supp. 3d ___, 2017 WL

7  3473663 (N.D. Cal. Aug. 14, 2017), holding that hiQ Labs ("hiQ") was entitled to a

8  preliminary injunction on its claims against LinkedIn, and specifically holding that

9  LinkedIn's assertion that the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030 (the

10  "CFAA"), permitted LinkedIn to prohibit the collection and use by hiQ of publicly-

11  available materials from LinkedIn's webpage was contrary to law. Id. at * 4-8.

12  Consequently, Judge Chen held that LinkedIn's defense that the CFAA prohibited the use

13  and collection of materials from its website without LinkedIn's consent was meritless. Id.

14  The matter remains pending before Judge Chen and the decision referenced above is on

15  appeal.

16    2.    One of hiQ's investors is Hard Yaka, Inc. ("Hard Yaka"). Hard Yaka is also

17  an investor in the Plaintiff herein, 3taps. Relying on Judge Chen's August 14, 2017

18  decision in favor of hiQ, on January 16, 2018, 3taps directed a letter to LinkedIn's counsel

19  informing LinkedIn of 3taps' position that Judge Chen's decision in hiQ Labs v. LinkedIn

20  Corp applied to 3taps, and that, as a result, 3taps intended to begin collecting and using

21  publicly-available data from LinkedIn's website as hiQ had been doing.

22    3.    By letter dated January 24, 2018, Jonathan Blavin, an attorney for LinkedIn,

23  responded to the January 16 letter and asserted that 3taps' reliance on Judge Chen's

24  decision was misplaced and that the CFAA prohibited 3taps from collecting and using data

25  from LinkedIn's publicly-available webpage. This statement by Mr. Blavin was

26  completely inconsistent with Judge Chen's August 14, 2017, order and was designed to

27  prevent 3taps from taking advantage of that order.

28

**Complaint of 3taps, Inc.**                                    Case No. _____

4.      By this action 3taps seeks against LinkedIn essentially the same declaratory judgment that hiQ is seeking against LinkedIn in N.D. Cal. Case No. 3:17-cv-03301-EMC, and specifically a declaration under the Declaratory Judgment Act, 28 U.S.C. Sections 2101 and 2202, that 3taps will not violate the CFAA by accessing and using publicly-available information from LinkedIn's webpage.

## THE PARTIES

5.      Plaintiff 3taps is a Delaware Corporation with its principal place of business in San Francisco, California.  One of 3taps' investors is Hard Yaka, which is also an investor in hiQ, the plaintiff in hiQ Labs v. LinkedIn Corp, N.D. Cal. Case No. 3:17-cv-03301-EMC.

6.      Defendant LinkedIn is a Delaware Corporation with its principal place of business in Sunnyvale, California.  Defendant LinkedIn is also the defendant in the matter of hiQ Labs v. LinkedIn Corp, N.D. Cal. Case No. 3:17-cv-03301-EMC.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction under 28 U.S.C. Section 1331 because Plaintiff's First Cause of Action seeks a declaratory judgment under 28 U.S.C. Sections 2201 and 2202 that Plaintiff's proposed actions will not violate a federal statute, in particular, the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030.

8.      Venue is proper in this District because LinkedIn maintains its corporate headquarters within this District.

## INTRADISTRICT ASSIGNMENT

9.      This action primarily arose out of LinkedIn's actions in Santa Clara County, California, and should therefore be assigned to the San Jose division of this Court pursuant to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

### The Parties

10.     3taps is engaged in the business of using automated means to access and use publicly-available facts from the internet and using, or providing to others for use, those

Complaint of 3taps, Inc.                                                        Case No. _____

1   publicly-available facts in innovative and creative ways primarily designed to enhance user

2   experiences and safety. One of 3taps' investors is Hard Yaka, which is also an investor in

3   hiQ.  hiQ is the plaintiff in a related action seeking declaratory relief against LinkedIn on

4   the same grounds asserted in this action: hiQ Labs v. LinkedIn Corp, N.D. Cal. Case No.

5   3:17-cv-03301-EMC.

6          11.     Defendant LinkedIn claims to be the world's largest online professional

7   network, with more than 546 million users worldwide.

8          **The Dispute Leading to This Action**

9          12.     On May 23, 2017, LinkedIn sent a "cease and desist" letter to hiQ demanding

10  that hiQ "cease and desist" from collecting and using facts and information from

11  LinkedIn's website.  The letter stated LinkedIn's position that, by collecting and using facts

12  and information from LinkedIn.com, hiQ was violating the CFAA and other laws.

13         13.      On May 31, 2017, hiQ's counsel responded to LinkedIn's cease and desist

14  letter by stating that LinkedIn's actions were threatening hiQ's business and efforts to

15  obtain financing.

16         14.     When LinkedIn failed to respond to that letter, on June 7, 2017, hiQ filed an

17  action against LinkedIn in the United States District Court for the Northern District of

18  California: hiQ Labs v. LinkedIn Corp., (N.D. Cal. Case No. 3:17-cv-03301 EMC).  That

19  action sought, among other things, a declaration from the Court that hiQ would not violate

20  the CFAA by accessing and using publicly-available facts and information on LinkedIn's

21  website.

22         15.     In connection with a subsequent motion for a preliminary injunction by hiQ,

23  Judge Chen held that LinkedIn's assertion that hiQ would violate the CFAA by accessing

24  and using publicly-available facts and information from LinkedIn's webpage was without

25  merit and contrary to law.  hiQ Labs v. LinkedIn Corp., ___ F. Supp. 3d ___, 2017 WL

26  3473663, at *4-8.  Specifically, Judge Chen broadly ruled that the CFAA did not permit

27  LinkedIn to prohibit the access and use by hiQ of materials that were publicly-available on

28

**Complaint of 3taps, Inc.**                                          Case No. _____

1    LinkedIn's webpage.  Id.  The case remains pending before Judge Chen while the order on

2    the preliminary injunction is on appeal to the Ninth Circuit Court of Appeals.

3         16.    Sometime in early 2018, in reliance on Judge Chen's decision against

4    LinkedIn, 3taps determined to begin using automated means to access and use publicly-

5    available facts and information on LinkedIn's webpage just as hiQ had been doing.

6         17.    Expressly relying on Judge Chen's holding that LinkedIn could not use the

7    CFAA to block hiQ from accessing and using LinkedIn's publicly-available facts and

8    information, and in the interest of being open and transparent about its intentions, on

9    January 16, 2018, 3taps informed LinkedIn's counsel of its position that Judge Chen's

10   decision in hiQ Labs v. LinkedIn Corp would apply to 3taps and that, as a result, 3taps

11   intended to begin collecting and using publicly-available data from LinkedIn's website.

12        18.    On January 24, 2018, LinkedIn's attorney responded to the January 16 letter

13   and asserted that 3taps' basis for relying on Judge Chen's decision was misplaced and that

14   the CFAA prohibited 3taps from collecting and using data from LinkedIn's publicly-

15   available webpage.  This contention by LinkedIn appeared to directly contradict the

16   substance of Judge Chen's prior ruling against LinkedIn on this very same issue.

17        19.    3taps thereafter determined to initiate this action to seek clarification

18   regarding the issue of whether the CFAA prohibits 3taps from accessing and using

19   publicly-available information on LinkedIn's webpage.

20

21               **FIRST CAUSE OF ACTION**

22        **(Declaratory Judgment That 3taps Will Not Violate the CFAA, 18 U.S.C.**
         **Section 1030, By Accessing and Using Publicly-Available Data on LinkedIn's**
23                              **Website)**

24

25        20.    3taps hereby incorporates by reference the allegations of the preceding

26   paragraphs as though fully set forth herein.

27        21.    The Declaratory Judgment Act, 22 U.S.C. Section 2201, permits courts to

28   declare the rights of parties where there exists an actual case or controversy between them.

22.     An actual case or controversy exists between 3taps and Linkedin.  3taps has given notice to LinkedIn that it intends to begin accessing and using publicly-available facts and information on LinkedIn's webpage and LinkedIn has responded by claiming that any such activity by 3taps would violate a federal statute, and specifically, the CFAA, 18 U.S.C. Section 1030.

23.     3taps seeks a declaration that it will not be in violation of the CFAA if it proceeds to access and use publicly-available facts and information from LinkedIn's webpage.

<b>PRAYER FOR RELIEF</b>

Wherefore, 3taps prays for judgment against Defendant LinkedIn as follows:

A.     For a declaratory judgment that 3taps will not be in violation of the CFAA if it proceeds to access and use publicly-available facts and information from LinkedIn's webpage.

B.     For 3taps' costs and attorney's fees, if permitted by law;

C.     For such other relief as the Court determines just and proper;

DATED: February 8, 2018

THE LAW OFFICES OF THOMAS V. CHRISTOPHER

By:  /s/ Thomas Christopher
THOMAS CHRISTOPHER
thomas@thomaschristopherlaw.com
Attorney for Plaintiff
3TAPS, INC.

**Complaint of 3taps, Inc.**                                                    Case No. _____