ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Defendant
LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3taps, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> LinkedIn Corporation, <br><br> Defendant. | Case No. 18-cv-00855-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Edward M. Chen <br> Hearing Date: July 15, 2021 <br> Time: 10:30 a.m. <br> Trial Date: None Set |

Plaintiff 3Taps, Inc. ("3taps") and Defendant LinkedIn Corporation ("LinkedIn") jointly submit this Joint Case Management Statement pursuant to the Court's June 12, 2021 Order (ECF 47).

### 1. Jurisdiction and Service

The parties agree that the Court has federal question jurisdiction over 3Taps claim for declaratory judgement of its rights under the CFAA because it is a federal statute. The parties agree that personal jurisdiction and venue are proper in the Northern District of California. No parties remain to be served.

### 2. Facts

#### (a) 3Taps Statement

LinkedIn has wrongfully and illegally threatened to block and/or take unlawful action to prevent 3taps from accessing publicly available data in contravention of this Court's rulings in *hiQ Labs, Inc. v. LinkedIn Corporation.* As that order has been confirmed by the Ninth Circuit, LinkedIn's continued obstruction of lawful activities is untenable.

#### b. LinkedIn's Statement

LinkedIn's mission is to connect the world's professionals to make them more productive and successful. Through its platform, LinkedIn allows its members to create, manage and post their professional histories and interests online. At the heart of LinkedIn's platform are its members, whose LinkedIn profiles serve as their professional online identities. Since its founding in 2002, LinkedIn has invested significant time, labor, skill, and resources (in the billions of dollars) developing its platform, which is available for free and provides value to hundreds of millions of users around the world. LinkedIn's investment in the technical aspects of its platform includes not only computer hardware, software, and internet bandwidth, but an array of technological safeguards designed to protect platform integrity—both the technical infrastructure of the platform and the information residing on it. Access to LinkedIn's platform requires authorization. Such access control is the only way that LinkedIn can do its part to ensure the

information security and privacy of its members. LinkedIn's technical defenses currently block hundreds of millions of requests per day to access guest profiles.

3taps claims that it intends to use automated software—known as "bots"—to access LinkedIn's computers to scrape information from them, without authorization from LinkedIn and in violation of LinkedIn's terms of use. 3taps' complaint indicates that the genesis of this lawsuit was a desire by one of 3Taps "investors" to "tak[e] advantage of" the preliminary injunction order in *hiQ Labs, Inc. v. LinkedIn Corporation*. On January 16, 2018, 3taps "directed a letter to LinkedIn's counsel informing LinkedIn of 3taps' position that Judge Chen's decision in *hiQ Labs v. LinkedIn Corp* applied to 3taps, and that, as a result, 3taps intended to begin collecting and using publicly-available data from LinkedIn's website as hiQ had been doing." In other words, like hiQ, 3taps wants to be able to scrape from LinkedIn and then use that scraped data for its own purposes, without any accountability to LinkedIn users. LinkedIn objected to 3taps plans and expressed its view that 3taps intended conduct would be contrary to law.

3taps' intended scraping of LinkedIn member data and product offerings interfere with and undermine the consent provided by LinkedIn members. Every social media user in this day and age must make informed choices about what to share and how to share it. LinkedIn is responsible for explaining to its members how their data will be used and it is accountable to them for misuse. 3taps is not. Members make their profiles *visible* to the public *on LinkedIn*, where they can alter or remove them—but that does not mean they consent to any and all companies harvesting their data, storing it permanently in databases, tracking their disclosures across time on one or many sites, and using the data for any purpose. 3taps is a data collector who has undertaken none of the obligations of information governance that are important to LinkedIn and its users.

*Principal Factual Issues In Dispute.*

**3taps believes the following are the principal factual issues in dispute:**

- 3taps notes that this is not a fact intensive case, and effectively raises purely issues of law. The issues of law have already been resolved by the Court in *hiQ Labs, Inc. v.*

*LinkedIn Corporation,* and confirmed by the Ninth Circuit.  3taps notes that the factual issues allegedly in dispute and identified by LinkedIn below are for the most part either (i) arguments for why it believes that the law should be something other than what this Court and the Ninth Circuit have already held, or (ii) red-herrings that should have no bearing on the outcome of the matter.

**LinkedIn believes the following are the principal factual issues in dispute:**

- The methods that 3taps intends to use to gain access to LinkedIn's computers and scrape data of LinkedIn's members, including the use of automated software or "bots," and whether these bots would bypass LinkedIn's technical measures;
- Whether the LinkedIn members whose data 3taps intends to scrape are aware that their data are being obtained by 3taps;
- The risks created by 3taps and other data harvesters who avoid responsibility to social media users for misuse of their data;
- The harm to LinkedIn and its members from unauthorized access by 3taps and other data harvesters seeking to circumvent LinkedIn's information security controls.

3. **Legal Issues**

The parties dispute a number of legal issues, including:

- Whether access to LinkedIn's website in breach of the User Agreement violates either the "unauthorized access" and/or the "exceeds authorized access" provisions of the CFAA;
- Whether 3taps is obliged to either refrain from using the LinkedIn website or be bound by the terms of the User Agreement in doing so;
- Whether 3taps unauthorized access to LinkedIn's website constitutes trespass to chattels;
- Whether 3taps unauthorized collection of member data from LinkedIn's website violates California Penal Code §502;

- - 3 - -

### 4. Motions

LinkedIn has not yet responded to 3taps complaint. . Shortly after it issued its opinion in *Van Buren v. United States*, the Supreme Court granted LinkedIn's petition in the *hiQ* matter, vacated the Ninth Circuit's order affirming the district court's injunction order, and remanded the case to the Ninth Circuit on June 14, 2021. On June 16, 2021, the Ninth Circuit ordered the parties to file supplemental briefs by July 9, 2021 addressing the effect of Van Buren on LinkedIn's appeal in the *hiQ* matter. LinkedIn may elect to file a motion in response to 3taps complaint or may file a motion at a later date depending on the outcome of LinkedIn's appeal in the *hiQ* matter . The parties anticipate there may be future discovery and dispositive motions, but do not have any additional motions to report at this time.

### 5. Amendment of Pleadings

3taps has no current plans to amend or supplement its pleadings.

LinkedIn does not presently have a pleading on file.

### 6. Evidence Preservation

Both 3taps and LinkedIn have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred in May 2021 pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties have exchanged initial disclosures.

### 8. Discovery

No discovery has been served to date. The parties propose that discovery be stayed until ten (10) days after the appeal in the *hiQ* matter is resolved.

The parties agree that the Court should defer entering a full scheduling order until after LinkedIn's appeal in the *hiQ* matter is resolved by the Ninth Circuit.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

This matter has been ordered related to *hiQ Labs, Inc. v. Linkedin Corporation*. Both cases raise the question of whether LinkedIn can invoke the CFAA to prevent scraping of its website. The parties are not aware of any other related cases.

**11.    Relief**

3taps seeks declaratory judgment that 3taps will not be in violation of the CFAA if it proceeds to scrape LinkedIn's webpage.

LinkedIn denies that 3taps is entitled to any relief. Although LinkedIn does not have a pleading on file, it anticipates seeking a declaration requiring 3taps to abide by LinkedIn's User Agreement and finding that any future effort by 3taps to scrape member data without authorization would violate the relevant federal and state laws.

**12.    Settlement and ADR**

The parties are contemplating next steps regarding settlement but have not yet come to any agreement. 3taps is open to mediation.

**13.    Consent to Magistrate Judge for All Purposes**

The parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. Currently, there is not a magistrate judge assigned to the matter.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Informed by the outcome of LinkedIn's appeal in the *hiQ* matter, the parties will work together in good faith to develop suggestions to expedite the presentation of evidence at trial.

**16.    Expedited Trial Procedure**

The parties agree that this case is not amenable to expedited trial.

**17.    Scheduling**

The parties agree that they should defer submitting a proposed scheduling order until after LinkedIn's appeal in the *hiQ* matter is resolved by the Ninth Circuit.

**18.    Trial**

Depending on which claims and defenses proceed to trial, LinkedIn estimates that trial could last between seven (7) and ten days (10).  3taps estimates trial could last between three (3) and seven (7) days.  LinkedIn asserts that 3taps is not entitled to a jury trial on its equitable claims.

**19.    Disclosure of Non-Party Interested Entities or Persons**

The parties have filed their certifications of interested entities or persons.

**20.    Professional Conduct**

The parties certify that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None.

Dated:  July 8, 2021  THE LAW OFFICES OF THOMAS V. CHRISTOPHER

By: */s/ Thomas V. Christopher*
Thomas V. Christopher
*Attorneys for Plaintiff 3Taps, Inc.*

Dated:  July 8, 2021  ORRICK HERRINGTON & SUTCLIFFE

By: */s/ Robert L. Uriarte*
Robert L. Uriarte
*Attorneys for LinkedIn Corp.*

**Local Rule 5-1 Attestation**

I attest that Thomas V. Christopher concurred in the filing of this document.

*/s/ Robert L. Uriarte*