1  THOMAS V. CHRISTOPHER (SBN#185928)
   Thomas@ThomasChristopherLaw.com
2  THE LAW OFFICES OF THOMAS V. CHRISTOPHER
   The Salesforce Tower
3  415 Mission Street, 37th Floor
   San Francisco, California 94105
4  Telephone: (415) 659-1805

5  Attorney for Plaintiff
   3TAPS, INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  3TAPS, INC., a Delaware Corporation,     )   Case No.:  18-cv-00855-EMC
                                             )
12                          Plaintiff,       )   **3TAPS, INC.'S AMENDED COMPLAINT**
                                             )   **FOR DECLARATORY JUDGMENT**
13              v.                           )   **AGAINST LINKEDIN CORPORATION**
                                             )   **UNDER 22 U.S.C. SECTION 2201 THAT**
14  LINKEDIN CORPORATION, a Delaware         )   **PLAINTIFF'S ACTIONS WILL NOT**
    Corporation,                             )   **VIOLATE THE COMPUTER FRAUD**
15                                           )   **AND ABUSE ACT (18 U.S.C. 1030); THE**
                            Defendant.       )   **CALIFORNIA COMPREHENSIVE**
16                                           )   **COMPUTER DATA ACCESS AND**
                                             )   **FRAUD ACT; OR CONSTITUTE A**
17                                           )   **TRESPASS**
                                             )
18                                           )   **Judge:  Hon. Edward M. Chen**
                                             )   **Trial Date:    None Set**
19                                           )
                                             )
20                                           )
                                             )
21  _____         )

22

23

24

25

26

27

28

Plaintiff 3taps, Inc. ("3taps" or "Plaintiff"), by and through its attorneys, brings this Complaint against LinkedIn Corporation ("LinkedIn" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. On August 14, 2017, the Honorable Edward M. Chen of this Court issued a decision in the matter of <u>hiQ Labs v. LinkedIn Corp.</u>, 273 F. Supp. 3d 1099 (N.D. Cal. Aug. 14, 2017), holding that hiQ Labs ("hiQ") was entitled to a preliminary injunction on its claims against LinkedIn, and specifically holding that LinkedIn's assertion that the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030 (the "CFAA"), permitted LinkedIn to prohibit the collection and use by hiQ of publicly-available materials from LinkedIn's webpage was contrary to law. <u>Id.</u>  Consequently, Judge Chen held that LinkedIn's defense that the CFAA prohibited the use and collection of materials from its website without LinkedIn's consent was meritless. <u>Id.</u>  This decision was subsequently affirmed by the Ninth Circuit.  The Ninth Circuit's opinion was later vacated and remanded by the United States Supreme Court for reconsideration in light of the opinion in <u>Van Buren v. United States</u> 593 US _ (June 3, 2021).  The matter remains pending before the Ninth Circuit.

2. One of hiQ's investors is Hard Yaka, Inc. ("Hard Yaka").  Hard Yaka is also an investor in the Plaintiff herein, 3taps.  Relying on Judge Chen's August 14, 2017 decision in favor of hiQ, on January 16, 2018, 3taps directed a letter to LinkedIn's counsel informing LinkedIn of 3taps' position that Judge Chen's decision in <u>hiQ Labs v. LinkedIn Corp</u> applied to 3taps, and that, as a result, 3taps intended to begin collecting and using publicly-available data from LinkedIn's website as hiQ had been doing.

3. By letter dated January 24, 2018, Jonathan Blavin, an attorney for LinkedIn, responded to the January 16 letter and asserted that 3taps' reliance on Judge Chen's decision was misplaced and that the CFAA prohibited 3taps from collecting and using data from LinkedIn's publicly-available webpage.  This statement by Mr. Blavin was

1  completely inconsistent with Judge Chen's August 14, 2017, order and was designed to
2  prevent 3taps from taking advantage of that order.

3       4.      By this action 3taps seeks against LinkedIn essentially the same declaratory
4  judgment that hiQ is seeking against LinkedIn in N.D. Cal. Case No. 3:17-cv-03301-EMC,
5  and specifically a declaration under the Declaratory Judgment Act, 28 U.S.C. Sections 2101
6  and 2202, that 3taps will not violate the CFAA by accessing and using publicly-available
7  information from LinkedIn's webpage.  3taps further seeks a declaration that such activities
8  will not violate California state law analogs to the CFAA or constitute an unlawful trespass.

9                              **THE PARTIES**

10      5.      Plaintiff 3taps is a Delaware Corporation with its principal place of business
11 in San Francisco, California.  One of 3taps' investors is Hard Yaka, which is also an
12 investor in hiQ, the plaintiff in hiQ Labs v. LinkedIn Corp, N.D. Cal. Case No. 3:17-cv-
13 03301-EMC.

14      6.      Defendant LinkedIn is a Delaware Corporation with its principal place of
15 business in Sunnyvale, California.  Defendant LinkedIn is also the defendant in the matter
16 of hiQ Labs v. LinkedIn Corp, N.D. Cal. Case No. 3:17-cv-03301-EMC.

17                        **JURISDICTION AND VENUE**

18      7.      The Court has subject matter jurisdiction under 28 U.S.C. Section 1331
19 because Plaintiff's First Cause of Action seeks a declaratory judgment under 28 U.S.C.
20 Sections 2201 and 2202 that Plaintiff's proposed actions will not violate a federal statute, in
21 particular, the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030.

22      8.      Venue is proper in this District because LinkedIn maintains its corporate
23 headquarters within this District.

24                         **PROCEDURAL HISTORY**

25      9.      On August 13, 2021, LinkedIn filed a motion to dismiss the initial complaint
26 in this action.  After a subsequent meet and confer, the parties agreed that, in the interests of
27 efficiency, 3taps would file an amended complaint rather than respond to the motion to
28 dismiss.  As reflected in the written stipulation subsequently submitted to the Court on this

1  issue, 3taps' agreed to file an amended complaint with the express condition that doing so

2  was in no way a concession that the motion to dismiss was meritorious or that the initial

3  complaint required any amendment.  3taps now files this amended pleading by agreement

4  of the parties solely to conserve the resources of the parties and the Court by obviating the

5  issues raised in the motion to dismiss.

6

7                                **FACTUAL ALLEGATIONS**

8       **The Parties**

9       10.     3taps is engaged in the business of using automated means to access and use

10  publicly-available facts from the internet and using, or providing to others for use, those

11  publicly-available facts in innovative and creative ways primarily designed to enhance user

12  experiences and safety. One of 3taps' investors is Hard Yaka, which is also an investor in

13  hiQ.  hiQ is the plaintiff in a related action seeking declaratory relief against LinkedIn on

14  the same grounds asserted in this action: hiQ Labs v. LinkedIn Corp, N.D. Cal. Case No.

15  3:17-cv-03301-EMC.

16       11.     Defendant LinkedIn claims to be the world's largest online professional

17  network, with more than 546 million users worldwide. Defendant LinkedIn's website is

18  literally a treasure trove of publicly-available information that would be extremely valuable

19  to data scrapers such as 3taps.

20       **The Dispute Leading to This Action**

21       12.     On May 23, 2017, LinkedIn sent a "cease and desist" letter to hiQ demanding

22  that hiQ "cease and desist" from collecting and using facts and information from

23  LinkedIn's website.  The letter stated LinkedIn's position that, by collecting and using facts

24  and information from LinkedIn.com, hiQ was violating the CFAA and other laws.

25       13.      On May 31, 2017, hiQ's counsel responded to LinkedIn's cease and desist

26  letter by stating that LinkedIn's actions were threatening hiQ's business and efforts to

27  obtain financing.

28

Amended Complaint of 3taps, Inc.                              Case No. 18-cv-00855-EMC

14.     When LinkedIn failed to respond to that letter, on June 7, 2017, hiQ filed an action against LinkedIn in the United States District Court for the Northern District of California: hiQ Labs v. LinkedIn Corp., (N.D. Cal. Case No. 3:17-cv-03301 EMC).  That action sought, among other things, a declaration from the Court that hiQ would not violate the CFAA by accessing and using publicly-available facts and information on LinkedIn's website.

15.     In connection with a subsequent motion for a preliminary injunction by hiQ, the Court held that LinkedIn's assertion that hiQ would violate the CFAA by accessing and using publicly-available facts and information from LinkedIn's webpage was without merit and contrary to law.  hiQ Labs v. LinkedIn Corp., 273 F. Supp. 3d 1099.  Specifically, Judge Chen broadly ruled that the CFAA did not permit LinkedIn to prohibit the access and use by hiQ of materials that were publicly-available on LinkedIn's webpage.  Id.  The case remains pending before Judge Chen while the order on the preliminary injunction is on appeal to the Ninth Circuit Court of Appeals.

16.     In early 2018, in reliance on Judge Chen's decision against LinkedIn, 3taps determined to begin using automated means to access and use publicly-available facts and information on LinkedIn's webpage just as hiQ had been doing.

17.     Expressly relying on Judge Chen's holding that LinkedIn could not use the CFAA to block hiQ from accessing and using LinkedIn's publicly-available facts and information, and in the interest of being open and transparent about its intentions, on January 16, 2018, 3taps informed LinkedIn's counsel of its position that Judge Chen's decision in hiQ Labs v. LinkedIn Corp would apply to 3taps and that, as a result, 3taps intended to begin collecting and using publicly-available data from LinkedIn's website.

18.     On January 24, 2018, LinkedIn's attorney responded to the January 16 letter and asserted that 3taps' basis for relying on Judge Chen's decision was misplaced and that the CFAA prohibited 3taps from collecting and using data from LinkedIn's publicly-available webpage.  This contention by LinkedIn appeared to directly contradict the substance of Judge Chen's prior ruling against LinkedIn on this very same issue.

19.     3taps thereafter determined to initiate this action to seek clarification regarding the issue of whether the CFAA prohibits 3taps from accessing and using publicly-available information on LinkedIn's webpage.

20.     3taps stands ready, willing, eager and able to scrape publicly-available information from Linkedin's website.  As a professional data scraper, 3taps has the means and know how to begin doing so immediately.  But for the threat of litigation by LinkedIn, 3taps would immediately begin scraping publicly-available information from LinkedIn's website, and 3taps intends to do so when its dispute with LinkedIn over the legality of the proposed actions is resolved.  3taps is entitled to that clarity given the threat of ruinous litigation by LinkedIn, which has demonstrated by the hiQ action that it will spare no litigation expense going after data scrapers.  3taps is harmed by its inability to scrape LinkedIn in that it is being denied a valuable business resource (information regarding LinkedIn's over half billion users) that is much sought after by data scrapers. Access to this resource would be extremely beneficial to 3taps' business and prospects.

## FIRST CAUSE OF ACTION

**(Declaratory Judgment That 3taps Will Not Violate the CFAA, 18 U.S.C. Section 1030, By Accessing and Using Publicly-Available Data on LinkedIn's Website)**

21.     3taps hereby incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

22.     The Declaratory Judgment Act, 22 U.S.C. Section 2201, permits courts to declare the rights of parties where there exists an actual case or controversy between them.

23.     An actual case or controversy exists between 3taps and Linkedin.  3taps has given notice to LinkedIn that it intends to begin accessing and using publicly-available facts and information on LinkedIn's webpage and LinkedIn has responded by claiming that any such activity by 3taps would violate a federal statute, and specifically, the CFAA, 18 U.S.C. Section 1030.

1  24.     3taps seeks a declaration that it will not be in violation of the CFAA if it

2  proceeds to access and use publicly-available facts and information from LinkedIn's

3  webpage.

4

5                          **SECOND CAUSE OF ACTION**

6          **(Declaratory Judgment That 3taps Will Not Violate the California**
   **Comprehensive Computer Data Access and Fraud Act, Penal Code Section 502,**
7          **By Accessing and Using Publicly-Available Data on LinkedIn's Website)**

8

9   25.     3taps hereby incorporates by reference the allegations of the preceding

10  paragraphs as though fully set forth herein.

11  26.     The Declaratory Judgment Act, 22 U.S.C. Section 2201, permits courts to

12  declare the rights of parties where there exists an actual case or controversy between them.

13  27.     An actual case or controversy exists between 3taps and Linkedin.  3taps has

14  given notice to LinkedIn that it intends to begin accessing and using publicly-available

15  facts and information on LinkedIn's webpage and LinkedIn has responded by claiming that

16  any such activity by 3taps would violate a federal statute, and specifically, the CFAA, 18

17  U.S.C. Section 1030.

18  28.     In its motion to dismiss this action filed August 13, 2021, LinkedIn suggested

19  that 3taps' proposed data scraping activity could also violate state law data scraping

20  analogs to the CFAA, implying that 3taps' scraping would violate the California

21  Comprehensive Computer Data Access and Fraud Act, Penal Code Section 502.

22  29.     3taps therefore seeks a declaration that it will not be in violation of the

23  California Comprehensive Computer Data Access and Fraud Act, Penal Code Section 502

24  if it proceeds to access and use publicly-available facts and information from LinkedIn's

25  webpage.

26

27

28

**Amended Complaint of 3taps, Inc.**                                      **Case No. 18-cv-00855-EMC**

## **THIRD CAUSE OF ACTION**

### **(Declaratory Judgment That 3taps Will Not Commit A Trespass By Accessing and Using Publicly-Available Data on LinkedIn's Website)**

30.     3taps hereby incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

31.     The Declaratory Judgment Act, 22 U.S.C. Section 2201, permits courts to declare the rights of parties where there exists an actual case or controversy between them.

32.     An actual case or controversy exists between 3taps and Linkedin.  3taps has given notice to LinkedIn that it intends to begin accessing and using publicly-available facts and information on LinkedIn's webpage and LinkedIn has responded by claiming that any such activity by 3taps would violate a federal statute, and specifically, the CFAA, 18 U.S.C. Section 1030.

33.     In its motion to dismiss this action filed August 13, 2021, LinkedIn implied that 3taps' proposed data scraping activity could also create liability for the tort of trespass.

34.     3taps therefore seeks a declaration that it will not commit a trespass if it proceeds to access and use publicly-available facts and information from LinkedIn's webpage.

### **PRAYER FOR RELIEF**

Wherefore, 3taps prays for judgment against Defendant LinkedIn as follows:

A.     For a declaratory judgment that 3taps will not be in violation of the CFAA, the California CDAFA or commit a trespass if it proceeds to access and use publicly-available facts and information from LinkedIn's webpage.

B.     For 3taps' costs and attorney's fees, if permitted by law;

C.     For such other relief as the Court determines just and proper.

1   DATED: October 5, 2021

2                                                        THE LAW OFFICES OF THOMAS V.
                                                         CHRISTOPHER
3

4                                                        By:  /s/ Thomas Christopher
                                                                THOMAS CHRISTOPHER
5                                                          thomas@thomaschristopherlaw.com
                                                                 Attorney for Plaintiff
6                                                                   3TAPS, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28