1  ANNETTE L. HURST (STATE BAR NO. 148738)
   ahurst@orrick.com
2  RUSSELL P. COHEN (STATE BAR NO. 213105)
   rcohen@orrick.com
3  NATHAN SHAFFER (STATE BAR NO. 282015)
   nshaffer@orrick.com
4  DANIEL JUSTICE (STATE BAR NO. 291907)
   djustice@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:    +1 415 773 5700
   Facsimile:    +1 415 773 5759
8
   MARIA N. SOKOVA (SBN 323627)
9  msokova@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
10 1000 Marsh Road
   Menlo Park, CA 94025-1015
11 Telephone: +1 650 614 7400
   Facsimile: +1 650 614 7401
12
   Attorneys for Defendant
13 LinkedIn Corporation

14                    UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16                     SAN FRANCISCO DIVISION

17

18 3taps, Inc.,                            Case No. 18-cv-00855-EMC

19             Plaintiff,                  **DEFENDANT LINKEDIN'S REQUEST
                                           FOR JUDICIAL NOTICE IN SUPPORT
20      vs.                                OF ITS MOTION TO DISMISS
                                           AMENDED COMPLAINT**
21 LinkedIn Corporation,

22             Defendant.

23                                         Judge:         Hon. Edward M. Chen
                                           Hearing Date:  April 7, 2022
                                           Hearing Time:  1:30 p.m.
24                                         Ctrm:          Courtroom 5
                                           Trial Date:    None Set
25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** LinkedIn Corporation ("LinkedIn") hereby requests that the Court take judicial notice of the documents listed below and attached hereto, pursuant to Rule 201 of the Federal Rules of Evidence and Rule 10(c) of the Federal Rules of Civil Procedure.  This request is made in support of LinkedIn's Motion to Dismiss Plaintiff's Amended Complaint.

1.   Final Judgment and Permanent Injunction Against 3taps, Inc.; Hard Yaka, Inc.; and Robert G. Kidd, *Craigslist, Inc. v. 3taps, Inc. et al.*, No. 3:12-cv-03816-CRB (N.D. Cal., June 30, 2015) (Dkt. 272), a true and correct copy of which is attached hereto as **Exhibit 1.**

2.   First Amended Complaint, *Craigslist, Inc. v. 3taps, Inc. et al.*, No. 3:12-cv-03816-CRB (N.D. Cal., June 30, 2015) (Dkt. 35), a true and correct copy of which is attached hereto as **Exhibit 2.**

3.   Complaint, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal., June 07, 2017) (Dkt. 1), a true and correct copy of which is attached hereto as **Exhibit 3**.

4.   Order Granting Plaintiff's Motion for Preliminary Injunction, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal., August 14, 2017) (Dkt. 63), a true and correct copy of which is attached hereto as **Exhibit 4**.

5.   January 16, 2018 letter from 3taps's counsel to LinkedIn's counsel, a true and correct copy of which is attached hereto as **Exhibit 5**.

6.   January 24, 2018 letter from LinkedIn's counsel to 3taps's counsel, a true and correct copy of which is attached hereto as **Exhibit 6**.

7.   3Taps, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal., Feb. 20, 2018) (Dkt. 96), attached hereto as **Exhibit 7**.

8.   Order Granting Non-Party 3taps, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal., Feb. 22, 2018) (Dkt. 102), attached hereto as **Exhibit 8**.

1

## ARGUMENT

2

3          The Exhibits hereto are partially or wholly incorporated by reference into the Complaint

4   and are therefore matters of which this Court may take judicial notice under Federal Rule of Civil

5   Procedure 10 and/or are also judicially noticeable under Rule of Evidence 201.  Accordingly,

    LinkedIn requests that this Court consider the materials in support of its motion to dismiss.

6   **I.        THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS
              REFERENCED IN THE COMPLAINT UNDER RULE 10(C).**

7

8          The Court should take judicial notice of Exhibits 3, 5, and 6 pursuant to Federal Rule of

9   Civil Procedure 10(c).  Under Rule 10(c), a court may take judicial notice of documents whose

10  contents are alleged in a complaint and whose authenticity no party questions, but which are not

11  physically attached to the pleadings.  Fed. R. Civ. Pro 10(c); *Graham v. U.S. Bank, N.A.*, No. 13-

12  CV-01613 NC, 2013 WL 2285184, at *4 (N.D. Cal. May 23, 2013).

13         Exhibit 3 is the complaint filed in the Northern District of California in the matter of *hiQ*

14  *Labs, inc. v. LinkedIn Corp.*  Certain contents of the hiQ complaint are alleged in paragraphs 4,

15  10, and 14 of 3taps's Amended Complaint, because 3taps asserts that it intends to scrape in the

16  same manner and therefore seek the same declaratory judgment as sought in the hiQ complaint.

17  *See* Am. Comp. ¶¶4, 10, 14.  Further, there can be no dispute as to the authenticity of the filed

18  version of the complaint.  Accordingly, Exhibit 3 should be judicially noticed pursuant to Rule

19  10(c).  LinkedIn is seeking notice of the hiQ complaint only to explain the scope of 3taps's

20  factual allegations, and not for purposes of the truth of any allegation contained therein.  *See Lee*

21  *v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001).

22         Exhibit 5 is a letter from 3taps's counsel to LinkedIn's counsel declaring 3taps's alleged

23  decision to begin scraping data from LinkedIn webpages.  Exhibit 6 is a response letter from

24  LinkedIn's counsel to 3taps's counsel asserting that 3taps is not authorized to access LinkedIn's

25  website and servers.  The contents of these letters are referenced extensively throughout the

26  Amended Complaint.  *See* Am. Comp. ¶¶2-3, 17-18, 23, 27, 32.  3taps has copies of these letters

27  so there should be no question as to their authenticity.  The contents of the letters can be

28  accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

CERTIFICATE OF SERVICE
18-cv-00855-EMC

1    Accordingly, Exhibits 5 and 6 should be judicially noticed pursuant to Rule 10(c) and Federal

2    Rule of Evidence 201(b)(2).

3         Taking judicial notice of these documents is further supported by the doctrine of

4    incorporation by reference.  Under this doctrine, a defendant may seek to incorporate a document

5    into the complaint "if the plaintiff refers extensively to the document or the document forms the

6    basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  To

7    qualify as "extensively referenced," a document must be cited at least more than once or be

8    quoted from at length.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).

9    To form the basis for a claim, the document must serve as the foundation for an element of the

10   claim.  *Id.*  Exhibits 3, 5, and 6 satisfy both of these grounds for incorporation.

11        The 3taps Amended Complaint refers to the hiQ Complaint (Exhibit 3) in paragraphs 4,

12   10, and 14.  *See* Am. Comp. ¶¶4, 10, 14.  Specifically, Paragraphs 4 and 10 state that 3taps

13   intends to scrape in the same fashion and therefore seeks the same declaratory judgment that hiQ

14   is seeking against LinkedIn in *hiQ Labs, inc. v. LinkedIn Corp*, and paragraph 14 recounts that

15   hiQ filed its complaint against LinkedIn on June 7, 2017, seeking a declaration that its scraping

16   activities would not violate the CFAA.  *Id.*  These multiple references to Exhibit 3 are sufficient

17   grounds to incorporate it into the Amended Complaint.  *See Khoja*, 899 F.3d at 1002.

18        The correspondence in Exhibits 5 and 6 is referenced extensively in 3taps's Amended

19   Complaint, cited and quoted in no fewer than seven paragraphs.  Am. Comp. ¶¶2-3, 17-18, 23, 27,

20   32.  These are also incorporated by reference.  *See Khoja*, 899 F.3d at 1002.  Further, 3taps

21   asserts that alleged statements in these letters are the source of the actual controversy of an

22   imminent and concrete nature upon which Article III jurisdiction rests.  *See* Am. Comp. ¶¶23, 27,

23   32.  Because 3taps's assertion of Article III jurisdiction is premised on statements allegedly made

24   in these letters, the entirety of the letters—not just the alleged statements 3taps cherrypicked in its

25   Amended Complaint—are properly incorporated into the Amended Complaint.  *See Khoja*, 899

26   F.3d at 1002 ("The [incorporation by reference] doctrine prevents plaintiffs from selecting only

27   portions of documents that support their claims, while omitting portions of those very documents

28   that weaken—or doom—their claims.").

REQUEST FOR JUDICIAL NOTICE
18-cv-00855-EMC

**II.     EXHIBITS 1-4 & 7-8 ARE ALSO JUDICIALLY NOTICEABLE UNDER FRE 201(B).**

The Court should also take judicial notice of Exhibits 1-4 & 7-8 pursuant to Federal Rule of Evidence 201(b).  Under Rule 201(b), a court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  A court may take judicial notice of matters of public record.  *Khoja*, 899 F.3d at 999.  Following this rule, courts routinely take judicial notice of documents on file in federal or state courts.  *See*, *e.g.*, *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (taking judicial notice of a declaration filed by a defendant in a prior litigation).

Exhibits 1-4 & 7-8 are all documents filed in court proceedings.  Exhibit 1 is a copy of a final judgment and permanent injunction filed in *Craigslist, Inc. v. 3taps, Inc. et al*.  Exhibit 2 is a copy of the first amended complaint filed in *Craigslist, Inc. v. 3taps, Inc. et al*.  Exhibit 3 is a copy of the complaint filed in *hiQ Labs, Inc. v. LinkedIn Corp*, which is referenced in 3Taps's Amended Complaint.  Exhibit 4 is a copy of an order from this Court granting a preliminary injunction in *hiQ Labs, Inc. v. LinkedIn Corp*.  Exhibit 7 is a copy of an administrative motion to consider whether cases should be related filed in *hiQ Labs, Inc. v. LinkedIn Corp*.  Exhibit 8 is a copy of an order from this Court granting an administrative motion to consider whether cases should be related filed in *hiQ Labs, Inc. v. LinkedIn Corp*.  As documents filed in a court proceeding these Exhibits are properly the subject of judicial notice because such documents are "matters of public record" and "not subject to reasonable dispute."  *Harris*, 682 F.3d at 1131-32.  Accordingly, the Court can properly consider these filings and court orders.  *See Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prod., Inc.*, No. 19-CV-00802-LHK, 2021 WL 1405477, at *4 (N.D. Cal. Apr. 14, 2021) ("Court records or proceedings in other cases are matters of public record, and therefore the proper subject of judicial notice.").  Further, LinkedIn is seeking notice of Exhibits 1-4 & 7-8 only to establish their content and that they were filed, and not for purposes of the truth of any allegation contained therein.  *See Lee*, 250 F.3d at 689.

REQUEST FOR JUDICIAL NOTICE
18-cv-00855-EMC

1

2

## **CONCLUSION**

3       For the reasons set forth above, LinkedIn respectfully requests that the Court notice the

4  Exhibits attached hereto for consideration in connection with LinkedIn's motion to dismiss.

5

6  Dated: December 7, 2021                    Orrick, Herrington & Sutcliffe LLP

7

8                                            By: _____*/s/ Annette L. Hurst*_____

9                                                    ANNETTE L. HURST
                                                    Attorneys for Defendant
10                                                   LinkedIn Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
18-cv-00855-EMC