# EXHIBIT 2

1  **PERKINS COIE** LLP
   CHRISTOPHER KAO (No. 237716)
2  ckao@perkinscoie.com
   BRIAN P. HENNESSY (No. 226721)
3  bhennessy@perkinscoie.com
   J. PATRICK CORRIGAN (No. 240859)
4  pcorrigan@perkinscoie.com
   3150 Porter Drive
5  Palo Alto, CA  94304
   Telephone:  650.838.4300
6  Facsimile:   650.838.4595

7  Attorneys for Plaintiff
   craigslist, Inc.
8

9
                         UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                          SAN FRANCISCO DIVISION
12

13
   CRAIGSLIST, INC., a Delaware              Case No.  CV 12-03816 CRB
14 corporation,
                                             **FIRST AMENDED COMPLAINT FOR:**
15            Plaintiff,
                                             (1)  Breach of Contract
16      v.                                   (2)  Trespass
                                             (3)  Misappropriation
17 3TAPS, INC., a Delaware corporation;      (4)  Violations of the Computer Fraud and
   PADMAPPER, INC., a Delaware                    Abuse Act
18 corporation; DISCOVER HOME               (5)  Copyright Infringement
   NETWORK, INC., a Delaware                (6)  Contributory Copyright Infringement
19 Corporation d/b/a LOVELY; BRIAN R.       (7)  Federal Trademark Infringement
   NIESSEN, an individual, and Does 1       (8)  Federal False Designation of Origin
20 through 25, inclusive,                   (9)  Federal Dilution of a Famous Mark
                                             (10) Federal Cyberpiracy Prevention
21            Defendants.                    (11) California Trademark Infringement
                                             (12) Common Law Trademark Infringement
22                                           (13) California Unfair Competition
                                             (14) California Comprehensive Computer Data
23                                                Access and Fraud Act
                                             (15) Aiding and Abetting Trespass
24                                           (16) Aiding and Abetting Misappropriation
                                             (17) Accounting
25
                                             DEMAND FOR JURY TRIAL
26

27

28

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO
                                    -1-                FIRST AMENDED COMPLAINT
                                                       Case No.  CV 12-03816 CRB

For its First Amended Complaint against Defendants 3Taps, Inc. ("3Taps"), PadMapper, Inc. ("PadMapper"), Discover Home Network, Inc. d/b/a Lovely ("Lovely") and Brian Niessen, by and through its undersigned counsel, craigslist, Inc. ("craigslist") asserts as follows.

## **INTRODUCTION**

1. craigslist provides local community classifieds, largely without charge and free from third-party advertising and marketing. Many tens of millions of users rely on these unique marketplaces for finding and/or offering basic necessities in their local areas, such as employment, housing, transportation, used goods, services, romance, friendship, and community information.

2. For their own commercial benefit, Defendants are unlawfully and unabashedly mass-harvesting and redistributing postings entrusted by craigslist users to their local craigslist sites. This exploitation of craigslist content undermines the integrity of local craigslist communities, ultimately harming both craigslist and its users.

3. 3Taps, for example, boasts that it mass copies tens of millions of postings from craigslist in "real time" and stores them in its own database. 3Taps makes this misappropriated content available via an unauthorized and illegitimate "Application Programming Interface" (API) to whomever and on whatever terms 3Taps chooses. All the original and often highly personal content craigslist users entrust to their local craigslist sites, along with their contact information, is thereby made available to all manner of for-profit entities to copy, repurpose, redisplay, redistribute, surround with advertisements, expose to non-local audiences, subject to marketing come-ons, disturb with unsolicited communications, and otherwise exploit commercially.

4. Using its illegitimate database and API, 3Taps operates trademark-infringing craiggers.com, which unlawfully redisplays and facilitates national searches of craigslist's local content, thereby undermining the essential locality of craigslist community sites. 3Taps also developed and distributed an unlicensed craiggers mobile application for the iPhone that redisplays craigslist content.

5. In addition, 3Taps actively encourages and enables other companies to unlawfully exploit misappropriated craigslist content. Defendant Lovely, in which 3Taps is an investor, is one example. Lovely operates the website livelovely.com, which provides searchable apartment listings—consisting largely of misappropriated craigslist content unlawfully obtained by 3Taps and distributed via 3Taps' illegitimate "craigslist API"—and directly competes with craigslist. Lovely also distributes an unlicensed iPhone application that redisplays craigslist content.

6. Defendant PadMapper is another example. Similar to Lovely, it competes with craigslist unfairly by offering an apartment search service at padmapper.com that is primarily based upon misappropriated craigslist postings acquired from 3Taps' illegitimate store.

7. The adage, "no good deed goes unpunished," is fitting. Because craigslist has worked hard and invested heavily for many years so that its users can use its local community sites largely free of charge, and free from third-party advertising and marketing, opportunists like Defendants now claim craigslist's content is "free" for them to misappropriate wholesale and commercially exploit, even for the purpose of developing rival businesses.

8. Indeed, 3Taps' founder, Greg Kidd, has openly touted 3Taps' violation of craigslist's rights, referring to United States copyright laws—which Defendants each violate—as "artificial confines" from which craigslist's protected content should be "liberated."

9. Defendants are wrong. craigslist provides a unique and highly valued service to its users, and has every right to limit the copying and distribution of craigslist content. Doing so protects craigslist and its community of users, alike. Defendants cannot usurp or misappropriate that right, particularly for their own commercial gain.

10. Since the Defendants are unwilling to cease their infringing and harmful activities—indeed, each is brazenly intent on unlawfully growing its business on the back of craigslist and its users—craigslist had no choice but to commence this action.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of federal statutes, including the Copyright Act (17 U.S.C. § 101, *et seq.*) and the Lanham Act (15 U.S.C. §§ 1114 and 1125(a), (c), (d)).

12.     This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

13.     Venue is proper in this District under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in this District.

14.     In addition, craigslist's Terms of Use ("TOU") governing all users', and specifically, Defendants', access to and use of the craigslist website and craigslist's services provide that courts located within the county of San Francisco, California, shall have exclusive jurisdiction over the relationship between craigslist and Defendants.

15.     During all relevant times, Defendants have repeatedly, knowingly, and intentionally accessed or contracted for access to craigslist servers located in this judicial district without craigslist's authorization.  While accessing craigslist servers, Defendants made systematic and continuous contacts with this judicial district, and have targeted their wrongful acts at craigslist, which is headquartered in this judicial district.

16.     This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2.

## THE PARTIES

17.     craigslist, Inc. is a Delaware corporation, with its principal place of business in San Francisco, California.

18.     3Taps Inc. is a Delaware corporation, with its principal place of business in San Francisco, California.

19.     PadMapper, Inc. is a Delaware corporation, with its principal place of business in Mountain View, California.

20.     Discover Home Network, Inc. d/b/a Lovely is a Delaware Corporation with its principal place of business in San Francisco, California.

21.     Brian R. Niessen is an individual who, on information and belief, resides in Vancouver, British Columbia and/or Philipsburg, St. Maarten.

22.     Does 1-25 are persons or entities responsible in whole or in part for the wrongdoing alleged herein ("Doe Defendants").  craigslist is informed and believes, and based

thereon, alleges that each of the Doe Defendants participated in, ratified, endorsed, or was otherwise involved in the acts complained of, and that they have liability for such acts. craigslist will amend this Complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

23.     3Taps, PadMapper, Lovely, Niessen, the Doe Defendants, and their agents, affiliates, and other co-conspirators are collectively referred to herein as the "Defendants."

## FACTS

24.     Founded in San Francisco, California in 1995 by Craig Newmark, craigslist began as an e-mail list for friends and co-workers to share information about events in and around the San Francisco Bay Area. It grew over time in size and scope, and became the world's largest online forum for local classified advertising and community discussions.

25.     Today craigslist ranks third among American Internet companies for web traffic (after Facebook and Google), and is in the top ten worldwide, with hundreds of billions of page views served annually. More than 60 million Americans visit craigslist each month, and they collectively post several hundred million classified ads each year.

26.     craigslist continues to maintain its headquarters in San Francisco, California. San Francisco is the center of craigslist's operations.

27.     The greater Bay Area, and specifically San Francisco, remains one of the largest and most active communities of craigslist users.

**A.      The craigslist Classified Ad Service.**

28.     craigslist enables authorized users to post localized classified advertising on its website.

29.     This classified ad service is organized first by geographic area, and then by category of product or service within that geographic area. The myriad categories provided by craigslist include everything from job postings, buying and selling of used goods, housing opportunities (sale, buy, rent, etc.), personals ads for friendship and romance, and a wealth of community-centric information and advice. It is literally a "one stop shop" for every sort of local classified listing and associated communication that a user may want or need.

30.     Users post ads on craigslist by first navigating the craigslist website to the homepage for the geographic area in which they wish to post, which is generally the geographic area in which they reside.  From that homepage, a user seeking to post an ad must click a link titled "post to classifieds."

31.     Users choose the type of posting they want to place from a list designed and presented by craigslist for that geographic area (for example, job offered, housing offered, housing wanted, for sale, item wanted, personal/romance, or community).  A yellow highlighted notice at the top of this webpage reminds users, as stated in the TOU, that "cross-posting to multiple cities or categories is not allowed."  craigslist requires this in its TOU in order to keep craigslist as user-friendly as possible—otherwise identical postings would appear numerous times throughout the site in categories and in geographic locations that do not really apply, clogging the site with postings that users do not want to view.

32.     After selecting the type of posting, the user is presented with a list of categories for posting ads in that geographic area (for example, categories under "for sale" ads include, without limitation, auto parts, bicycles, boats, collectibles, electronics, jewelry, musical instruments, and tools), and must select the appropriate category for his or her ad.

33.     After selecting the appropriate category, the user specifies from a list the nearest location within the geographic area, but a notice at the top of this webpage also alerts the users that "there is no need to cross-post to more than one area - doing so may get you flagged and/or blocked - thanks!"

34.     On the subsequent page, the user creates a unique classified ad.  Ads typically include a title, description and other relevant details about whatever the user placing the ad may be offering or seeking, and often include an e-mail address for replies.  Most e-mail addresses are supplied by craigslist with a unique, anonymizing proxy address to protect user anonymity.  craigslist's servers automatically forward e-mails sent to the unique proxy e-mail address to the poster's actual e-mail account, which users provide during the posting process.

35.     The classified ads on craigslist are highly time-sensitive.  Individual ads are live on the site for periods ranging from minutes to weeks, often achieving their goal and becoming

irrelevant within hours to days. Apartment rental listings, for example, become useless once the property is rented, which can happen within hours of being listed. Likewise, for sale listings are worthless once the item advertised has sold, which again often happens very quickly. Job listings are also of no use once the job has been filled. The most recent listings are therefore highly sought after by users, and this rule of thumb applies to a wide variety of craigslist's categories.

36.     Before a posting can be made to the craigslist website, the user is required affirmatively to accept craigslist's TOU.

37.     If the user chooses not to accept the TOU, the ad is not posted.

38.     For the period starting July 16, 2012—before craigslist commenced this action—through August 8, 2012, users confirmed that craigslist was the exclusive licensee for all of the copyrights in their ads before completing the posting process.

39.     Posted ads are listed in a product or service category by a descriptive title created by the user that posted the ad. craigslist includes a copyright notice in every post.

40.     craigslist registers its intellectual property, including its website and the posts contained within, under United States and foreign law to protect against unauthorized copying or distribution.

41.     craigslist has a program pursuant to which its user-generated content may be licensed by third-party companies that facilitate craigslist access from mobile devices. Each of these mobile application providers agrees to and is bound by important and substantial restrictions on the manner in which craigslist may be accessed and its content used. Defendant PadMapper was offered a license to such content, but did not accept the terms.

**B.     The craigslist Terms of Use.**

42.     craigslist's TOU explain that users are granted a limited and revocable license to access and use craigslist in accordance with its terms. They state that if users "access craigslist or copy, display, distribute, perform or create derivative works from craigslist webpages or other [craigslist] intellectual property in violation of the TOU or for purposes inconsistent with the TOU, [that] access, copying, display, distribution, performance or derivative work is unauthorized."

43.     The TOU identify specific types and examples of access and use that are unauthorized.

44.     Any copying, aggregation, display, distribution, performance or derivative use of craigslist or any content posted on craigslist whether done directly or through intermediaries (including but not limited to by means of spiders, robots, crawlers, scrapers, framing, iframes or RSS feeds) is prohibited.  Although craigslist allows a very limited exception to these prohibitions for general purpose Internet search engines and noncommercial public archives, the exception applies only if (a) they provide a direct hyperlink to the relevant craigslist website, service, forum or content; (b) they access craigslist from a stable IP address using an easily identifiable agent; and (c) they comply with craigslist's robots.txt file.

45.     Any access to or use of craigslist to design, develop, test, update, operate, modify, maintain, support, market, advertise, distribute or otherwise make available any program, application or service that enables or provides access to, use of, operation of or interoperation with craigslist is prohibited.

46.     Any activities (including but not limited to posting voluminous content) that are inconsistent with use of craigslist in compliance with the TOU or that may impair or interfere with the integrity, functionality, performance, usefulness, usability, signal-to-noise ratio or quality of all or any part of craigslist in any manner are expressly prohibited.

**C.     The craigslist Copyrights.**

47.     The craigslist website is uniquely distinctive in its simplicity and efficiency. Among the significant original elements of the craigslist website are the simple and uncluttered page layout and organization, the account registration, log-in and posting features, and the clear and straightforward design of craigslist postings.

48.     The originality, simplicity, and clarity of the craigslist website are fundamental to craigslist's reputation and garner substantial and valuable goodwill with users.

49.     In addition, each user-generated posting on the craigslist website is itself an original work of creative expression, as it includes unique written descriptions of the goods or services offered for sale, for example, and often include photographs or other creative works.

FIRST AMENDED COMPLAINT
Case No.  CV 12-03816 CRB

50. craigslist either owns or has exclusive rights in its website and all portions thereof, including, but not limited to, the database underlying the website and the user-generated postings on its website (collectively, the "Copyrighted Works").

51. craigslist's U.S. copyright registrations include Reg. Nos., TX0006866657, TX0006866658, TX0006866660, TX0006866661, and TX000686662.

52. On July 19 and 20, 2012, craigslist submitted additional applications to the Copyright Office for copyright registration.

53. On July 20, 2012, prior to the filing of this Complaint, the Copyright Office confirmed its receipt of craigslist's applications.

**D.     The craigslist Trademarks.**

54. craigslist is the owner of U.S. Registrations Nos. 2395628, 2905107, 2985065, and 3008562 for the CRAIGSLIST mark, covering, *inter alia*, "[a]dvertising and information distribution services," "online interactive bulletin boards for transmission of messages among computer users concerning classified listings," and "on-line computer data bases and on-line searchable databases featuring information, classified listings and announcements."  craigslist has also registered the CRAIGSLIST mark in many other countries throughout the world.

55. The CRAIGSLIST mark has been used in commerce by craigslist since 1995. craigslist's use has been substantially continuous and exclusive.  craigslist therefore owns common law rights in the CRAIGSLIST mark.

56. craigslist has attained strong name recognition in the CRAIGSLIST mark.  The mark has come to be associated with craigslist and identifies craigslist as the source of advertising, information, bulletin board, database, and other services offered in connection with the mark.

57. The CRAIGSLIST mark appears repeatedly in every single craigslist post, and throughout nearly every page on its websites, worldwide.

58. craigslist has also developed substantial goodwill in the CRAIGSLIST mark.

59. The CRAIGSLIST mark is among craigslist's most important and valuable assets.

**E.      The Defendants' Unlawful Activities.**

                **a.      3Taps.**

60.      3Taps' sole business appears to be misappropriating and capitalizing upon all of craigslist's protected content.

61.      3Taps apparently formed initially with the idea of creating a resource to aggregate data from a variety of sources.  Its original website, for example, identifies craigslist as just one of the companies whose data 3Taps intended to misappropriate:


Figure 1
(3taps.com, July 2011)

62.      Recently, however, 3Taps changed its entire focus to profiting from the unlawful distribution of content from craigslist, and has modified its website accordingly:


Figure 2
(3taps.com, July 19, 2012)

63.      As suggested by its website, 3Taps copies all of craigslist's content—including time stamps and unique craigslist user ID numbers—stores it in a database copied from craigslist, and makes it available to third parties for use in competing websites or, for whatever other purpose they wish.

64. 3Taps expressly claims to offer a "One-Stop Craigslist API" for third parties to access craigslist content, where craigslist has specifically chosen not to do so, thus usurping craigslist's exclusive right to offer an API and control the distribution of its content.

65. In addition, 3Taps built and operated a website, craiggers.com, upon the API created by 3Taps. Craiggers.com essentially replicated the entire craigslist website.

66. The craiggers website displays craigslist's copyrighted content in virtually identical visual fashion to the manner in which they appear on craigslist:



Figure 3
(craigslist, July 18, 2012)



Figure 4
(craiggers.com, July 18, 2012)

67.     The one distinguishable feature between craigslist's postings and the postings

displayed by craiggers is the deletion of craigslist's copyright notice and insertion in its place of a

blithe and false declaration that the content misappropriated from craigslist is *not* copyrighted and

is "powered by 3Taps":



Figure 5
(craigslist ad)

Figure 6
(craiggers.com ad)

68.     craiggers does not only copy all of craigslist's posts.  The craiggers website also

copies key design elements of the craigslist website.  Examples include the following:



Figure 7
(craigslist, July 18, 2012)

Figure 8
(craiggers.com, July 18, 2012)

69.     3Taps also offered a craiggers mobile phone application that displays copied craigslist content.

70.     As illustrated above, 3Taps has also used the famous CRAIGSLIST mark on its website without authorization to promote its products and services on the internet in a manner likely to confuse consumers as to its association, affiliation, endorsement or sponsorship with or by craigslist and to cause dilution by blurring of the CRAIGSLIST mark by impairing the mark's distinctiveness.

71.     3Taps also makes unauthorized use of the famous CRAIGSLIST mark in its competing craiggers website in a manner likely to confuse consumers as to its association, affiliation, endorsement or sponsorship with or by craigslist and to cause dilution by blurring of the CRAIGSLIST mark by impairing the mark's distinctiveness.

72.    Examples of 3Taps' unauthorized use of the CRAIGSLIST mark on the craiggers website include the following:



Figure 9
(craiggers.com, July 18, 2012)

73.    At no time has craigslist authorized or consented to 3Taps' use of the CRAIGSLIST mark or any other craigslist intellectual property.

74.    Shortly after craigslist filed its original complaint in this action, 3Taps suspended operation of craiggers.com.

**b.    3Taps' Unauthorized Scraping.**

75.    3Taps has repeatedly and consistently stated publicly that it obtains craigslist content from publicly-available sources, such as the Google and Bing search engines, and not by "scraping"—i.e., remotely accessing and extracting content from the craigslist website.  These public statements, however, are utterly belied by 3Taps' actual conduct.

76.    craigslist allows general internet search engines—Google and Bing—to index the craigslist website so as to allow users of those search engines to access the craigslist website through hyperlinks.  Notwithstanding 3Taps' announcement on August 7 that "At approximately noon on Sunday August 5, Craigslist instructed all general search engines to stop indexing CL postings," craigslist has never instructed general internet search engines to stop indexing its website, and in fact has not changed its instructions for general search engines in recent years.

77.    craigslist does not, however, authorize search engines to make cached versions of craigslist's content available for others to harvest wholesale.  For example, craigslist specifically includes a "NOARCHIVE" instruction in its in-line HTML content to inform search engines that they are not to make available cached copies of craigslist postings.  This instruction has been present in craigslist postings for many years, and remains unchanged.

78.     Although 3Taps has gone to great lengths to mislead the public regarding the manner in which it harvests craigslist's content, craigslist's investigation shows that 3Taps is not obtaining craigslist content from authorized third-party sources, as it has consistently and voluminously proclaimed.  Instead, 3Taps has misappropriated craigslist's content by unlawfully scraping it directly from craigslist on a massive scale.

79.     In particular, 3Taps, acting on its own behalf and/or through its agents, affiliates, and/or other co-conspirators, harvests craigslist's content by accessing craigslist's servers with web crawlers that scrape craigslist's content directly from craigslist.  A web crawler, also known as a "robot," "bot," or "spider" is a computer program that browses and gathers information from the internet.

80.     The web crawlers that 3Taps, its agents, affiliates, and/or other co-conspirators use to scrape content from craigslist's website operate by accessing, entering, and searching the craigslist website on craigslist's servers and then extracting the content—craigslist postings—and copying that content into the 3Taps database.

81.     As part of its investigation into 3Taps' improper conduct, craigslist identified various IP addresses from which these web crawlers operated.  Once craigslist identified such an IP address, craigslist blocked that IP address from accessing craigslist's servers.

82.     Every time craigslist blocked an IP address from which one of 3Taps' web crawlers was operating, however, the crawlers were moved to another IP address.  Indeed, craigslist's investigation revealed that 3Taps' web crawlers often operated from multiple IP addresses simultaneously.

83.     On information and belief, 3Taps, either directly or through its agents, affiliates, and/or other co-conspirators, eventually discovered that craigslist was able to identify and block the IP addresses from which its scraping web crawlers were operating.

84.     Thereafter, 3Taps, either directly, or through its agents, affiliates, and/or other co-conspirators, began using anonymous proxies to hide the true origination address of its scraping web crawlers.

85.   craigslist has no business relationship with 3Taps and craigslist does not endorse or approve of 3Taps' activities in any way.  3Taps knows that access to, copying of, and distribution of craigslist's content by 3Taps, its agents, affiliates, and/or other co-conspirators is not authorized by craigslist.

86.   3Taps' illegal scraping activities continue, notwithstanding craigslist's time consuming and burdensome efforts to develop technological means to stop it.

**c.   Brian R. Niessen:  One of 3Taps' "Scrapers."**

87.   Some of 3Taps' unlawful scraping is conducted by an individual named Brian R. Niessen.

88.   On information and belief, Mr. Niessen operates many websites, including but not limited to instantinternetpornstar.com, diaperclub.us, tampaxclub.com, tamponclub.com, agentsonly.net, atenaschilicookoff.com, atenaslife.com, brianniessen.com, curocorp.com, designtechsoftwarelabs.com, icravecrave.com, instantinternetstar.com, nefrotec.com, nefroteconline.com. qatro.com, serviciosdered.net, smir.info, telassistech.com, telassistgroup.com, telassisttech.com, viproom.me, worldslargestbingo.com, carambolaexplorations.com, impenetrate.com, and xstartups.com.

89.   Mr. Niessen is also the founder and chairman of a company named Startup Stock Exchange. Mr. Kidd, 3Taps' founder and CEO, is an investor in Startup Stock Exchange and recently led a financing round for Startup Stock Exchange.

[Remainder of page left intentionally blank.]

90.     One of Mr. Niessen's websites, qatro.com, is linked to prominently from the 3Taps website and contains what appear to be real time statistics regarding 3Taps' craigslist scraping activity:



Figure 10
(3taps-statistics.qatro.com/craigslist, October 18, 2012)

91.     craigslist content scraped on behalf of 3Taps can be traced directly to Mr. Niessen.

92.     For example, since August 2012, craigslist content has been scraped for 3Taps from at least the following IP addresses:  216.245.197.146, 74.63.192.162, 74.208.14.7, and 69.162.76.42.  Each of these IP addresses either currently host, or have hosted, domains connected to Mr. Niessen.

93.     IP address 216.245.197.146 is hosted by the domain vip-api.com.  The registrant e-mail address for vip-api.com is 1cheapdomains@curocorp.com.  Curocorp.com is located at the same IP address as qatro.com, which is registered to Brian Niessen.

94.     IP address 74.63.192.162 hosts the domain carambolaexplorations.com. carambolaexplorations.com is registered to "NiessenBrian" and has registrant e-mail, Admin e-mail, and Tech e-mail addresses as carambola@curocorp.com.  Curocorp.com is located at the same IP address as qatro.com, which is registered to Brian Niessen.

95. IP address 74.208.14.7 hosts the domains miferta.com and islandlifeproperties.com. Mr. Niessen has identified Miferta.com as one of his "startup" companies. The registrant Admin and Technical contact information for islandlifeproperties.com is cheap-registrat-com@curocorp.com. Curocorp.com is located at the same IP address as qatro.com, which is registered to Brian Niessen.

96. IP address 69.162.76.42 hosts the domain fb-app-sprii, which is subordinate to sprii.com. Mr. Niessen purports to be the Chief Technology Officer of Sprii.com.

97. In addition, Mr. Niessen maintains on his qatro.com website a log that details these scraping activities. The log uses telling phrases like "Deciding what to scrape," "Waiting for scrape," and "Scraping." It also lists the URLs and/or IP addresses from which the scraping occurs and notes when the "Last Good" scrape occurred from each of them:



Figure 11
(3taps-stats.qatro.com/show_stats.php August 15, 2012)

Perkins Coie LLP
ATTORNEYS AT LAW
PALO ALTO

FIRST AMENDED COMPLAINT
Case No. CV 12-03816 CRB

98.     These logs had been publicly available, but Mr. Niessen made them password protected after craigslist commenced this action.

### d.     PadMapper.

99.     PadMapper is a direct competitor to craigslist's real estate listings services.  It provides searchable real estate rental listings for cities all over the United States and in the United Kingdom.  The vast majority of PadMapper's content, however, is real estate ads misappropriated from craigslist by 3Taps' unlawful scrapers and distributed via 3Taps' illegitimate "craigslist API."

100.     PadMapper also aggregates craigslist posts with content from other sites, and facilitates cross-posting of listings to craigslist.

101.     On information and belief, like 3Taps, PadMapper initially populated the padmapper.com website by scraping craigslist's content directly from the craigslist website. craigslist sent PadMapper a cease and desist letter explaining that PadMapper's conduct violated the law and craigslist's TOU.

102.     PadMapper initially complied with the cease and desist request and stopped populating its website with craigslist content for several weeks beginning in late June 2012.  The padmapper.com site traffic plummeted drastically, reflective of the fact that the vast majority of PadMapper's traffic is owed to craigslist's content.

103.     Recently, however, PadMapper decided to resume utilizing craigslist content.  On July 9, 2012, PadMapper announced it was "Bringing Craigslist Back" to the site.

104.     Since that time padmapper.com has been populated largely with misappropriated craigslist content, at least some of which is provided by 3Taps.

105.     The craigslist postings displayed by PadMapper are identical to the craigslist postings as they appear on craigslist's website, except for the addition of a "PadMapper Bar" to the left of the ad:



Figure 12
(craigslist, July 18, 2012)



Figure 13
(padmapper.com, July 18, 2012)

106.    As the above example illustrates, the craigslist copyrighted content displayed by PadMapper includes craigslist's copyright notice.

107.   PadMapper, like 3Taps, has used and continues to use the famous CRAIGSLIST mark in commerce on its website at padmapper.com, without authorization, to promote its products and services on the internet in a manner likely to confuse consumers as to its association, affiliation, endorsement or sponsorship with or by craigslist and to cause dilution by blurring of the CRAIGSLIST mark by impairing the mark's distinctiveness.

108.   At no time has craigslist authorized or consented to PadMapper's use of the CRAIGSLIST mark or any other craigslist intellectual property.

109.   On information and belief, PadMapper derives revenue from real estate listings through its PadLister service that originate separate and apart from craigslist.  PadLister charges some fees now for its real estate listings service and "reserve[s] the right to charge for things that are currently free in the future."

110.   The only reason PadMapper is able to generate revenue from its PadLister service is the traffic that it generates on PadMapper from unlawfully using misappropriated craigslist ads.

**e.     Lovely**

111.   Lovely is also a direct competitor to craigslist's real estate listings services.

112.   It operates a website at livelovely.com, as well as a mobile iPhone application, that provide searchable real estate rental listings for cities all over the United States.  Like PadMapper, the majority of Lovely's content is misappropriated from craigslist by 3Taps' unlawful scrapers and distributed to Lovely via 3Taps' illegitimate "craigslist API."

[Remainder of page left intentionally blank.]

FIRST AMENDED COMPLAINT
Case No.  CV 12-03816 CRB

113.     The Lovely website allows users to review craigslist postings on its site, view the craiglist's user's contact information, and directly e-mail or telephone the craigslist user, all without leaving the Lovely site:



Figure 14
(Livelovely.com, November 5, 2012)

114.     Lovely also advertises what it calls "Lovely Exclusives," which purport to be real estate listings that are "exclusive" to Lovely and appear only on the Lovely site.  Lovely advertises that through this service its users can "[G]et access to apartments before they're posted to Craigslist and beat the rush!":

Figure 15
(Livelovely.com, November 5, 2012)

115.    craigslist sent Lovely a cease and desist letter explaining that Lovely's conduct violated the law and craigslist's TOU.  Lovely responded that it had no intention of abiding by craigslist's TOU or otherwise stopping its unlawful craigslist-related activities.

116.    On information and belief, Lovely obtains craigslist content that it displays on livelovely.com from 3Taps' illegitimate store, which is populated by 3Taps' unlawful scrapers.

**f.    Other 3Taps Subscribers.**

117.    On information and belief, the number of entities accessing and utilizing 3Taps' misappropriated craigslist content is growing.

118.    At least the following 3Taps users appear to be accessing craigslist's content through 3Taps:  cmscommander.com, coinzilla.com, craigslert.com, corvairproject.com, jaxed.com, rentvalet.us, searchtempest.com, sittingaround.com, and snapstore.me.  In addition, a number of mobile applications also appear to be accessing craigslist's misappropriated content through 3Taps' illegitimate "craigslist API," including the HuntSmartly mobile application.

119.    If 3Taps' unauthorized and illegal misappropriation and distribution of craigslist's content does not stop, then the list of entities illicitly using craigslist's content will continue to grow to the further detriment of craigslist, its website, and its users.

**FIRST CLAIM FOR RELIEF**
**Trespass as to all Defendants**

120.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

121.    Defendants have intentionally, and without authorization, accessed and interacted with craigslist, including without limitation, craigslist's website, computer systems and servers.  Access to craigslist and the proprietary information contained in it is granted only to those users who abide by the TOU.  By disregarding the TOU, and craigslist's express objections to their activities, Defendants have unlawfully gained access to and interfered and intermeddled with craigslist, its website, computer systems, and its servers.  Defendants' unauthorized interference, intermeddling, and access with craigslist, its website, computer systems, and its servers, among other harms, reduces craigslist's capacity to service its users because it occupies and uses craigslist's resources.

122. Defendants' conduct constitutes trespass that has harmed and will continue to harm craigslist. As a result, craigslist has been and will continue to be damaged.

123. In addition, Defendants have engaged in a civil conspiracy to commit trespass by engaging agents, licensees, and/or affiliates to obtain unauthorized access by robot, spider, or other automatic device, to craigslist's computer system, including its servers, the craigslist website, and the content contained within. Defendants have acted in concert with each other, as well as with other agents, licensees, and/or affiliates for this unauthorized and unlawful purpose. This conduct, as well, has harmed and will continue to harm craigslist, and craigslist has been and will continue to be damaged.

124. craigslist has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants. Accordingly, craigslist is entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF
### Breach of Contract as to all Defendants

125. craigslist realleges and incorporates by reference all of the preceding paragraphs.

126. Use of the craigslist website and use of craigslist services are governed by and subject to the TOU.

127. At all relevant times, the main craigslist homepage and the homepage for each geographic region have provided links to the TOU that are prominently displayed.

128. craigslist users are presented with the TOU and must affirmatively accept the TOU to register for a craigslist account to post ads.

129. craigslist users are presented with the TOU and must affirmatively accept the TOU before they can post an ad without an account.

130. Defendants affirmatively accepted and agreed to be bound by the TOU by creating accounts and/or posting ads to craigslist.

131. Defendants regularly accessed the craigslist website and affirmatively accepted and agreed to the TOU to, among other things, test, design, and/or use the software that allows Defendants to provide their services.

132.    On March 7, 2012, craigslist sent 3Taps a letter demanding that it cease and desist all of its craigslist-related activities. A copy of craigslist's TOU was enclosed with that letter.

133.    On June 18, 2012, craigslist sent PadMapper a letter demanding that it cease and desist all of its craigslist-related activities. A copy of craigslist's TOU was enclosed with that letter.

134.    On June 29, 2012, craigslist sent Lovely a letter demanding that it cease and desist all of its craigslist-related activities. A copy of craigslist's TOU was enclosed with that letter.

135.    On information and belief, Defendants regularly accessed the craigslist website with knowledge of the TOU and all of its prohibitions. Despite their knowledge of the TOU and their prohibitions, Defendants regularly accessed and continue to access the craigslist website to, among other things, design, develop, test, update, operate, modify, maintain, support, market, advertise, distribute and/or otherwise make available the Defendants' programs, applications, and services, and to copy, aggregate, display, distribute, and/or make derivative use of the craigslist website and the content posted therein.

136.    The TOU are binding on Defendants.

137.    Defendants' actions, as described above, have willfully, repeatedly and systematically breached the TOU.

138.    craigslist has performed all conditions, covenants, and promises required of it in accordance with the TOU.

139.    Defendants' conduct has damaged craigslist, and caused and continues to cause irreparable and incalculable harm and injury to craigslist.

140.    In addition, Defendants have engaged in a civil conspiracy to commit breach of contract by engaging agents, licensees, and/or affiliates to obtain unauthorized access by robot, spider, or other automatic device, to craigslist's computer system, including its servers, the craigslist website, and the content contained within. Defendants have acted in concert with each other, as well as with numerous other agents, licensees, and/or affiliates for this unauthorized and unlawful purpose. This conduct, as well, has harmed and will continue to harm craigslist, and craigslist has been and will continue to be damaged.

141.    craigslist is entitled to injunctive relief, compensatory damages, liquidated damages under the TOU, attorneys' fees, costs and/or other equitable relief.

**THIRD CLAIM FOR RELIEF**
**Misappropriation as to all Defendants**

142.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

143.    craigslist has invested substantial time, labor, skill, and financial resources into the creation and maintenance of craigslist, its computer systems and servers, including system and server capacity, as well as the content on the craigslist website, which is time sensitive.

144.    Without authorization, Defendants wrongfully access craigslist's website, computer systems and servers, and its content without having to make the substantial investment in time, labor, skill, and financial resources made by craigslist.  Defendants compete with craigslist and have made craigslist's content and other services available to their customers and other third parties.  As such, Defendants' use of craigslist's computer systems and servers, including system and server capacity, as well as craigslist's content constitutes free-riding on craigslist's substantial investment of time, effort, and expense.

145.    As a result of this misappropriation, Defendants wrongfully compete, and / or enable others to compete, with craigslist, and craigslist has been forced to expend additional time and resources, including but not limited to, investigating Defendants' activities and attempting to technologically prevent such misappropriation.

146.    craigslist has been and will continue to be damaged as the result of Defendants' misappropriation of craigslist's valuable information and property.

147.    In addition, Defendants have engaged in a civil conspiracy to commit misappropriation by engaging agents, licensees, and/or affiliates to obtain unauthorized access by robot, spider, or other automatic device, to craigslist's computer system, including its servers, the craigslist website, and the content contained within.  Defendants have acted in concert with each other, as well as with numerous other agents, licensees, and/or affiliates for this unauthorized and unlawful purpose.  This conduct, as well, has harmed and will continue to harm craigslist, and craigslist has been and will continue to be damaged.

148.    craigslist has suffered and will continue to suffer irreparable injury, and its remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants.

**<u>FOURTH CLAIM FOR RELIEF</u>**
**Copyright Infringement as to all Defendants**
**17 U.S.C. § 101, *et seq.***

149.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

150.    Each of the Copyrighted Works constitutes an original work of authorship and copyrightable subject matter under the laws of the United States.

151.    craigslist either owns or has exclusive rights to all right, title, and interest in and to each of the Copyrighted Works.

152.    Defendants had and have access to the Copyrighted Works.

153.    Defendants have copied, reproduced, prepared derivative works from, distributed copies to the public and/or displayed publicly the Copyrighted Works without the consent or authority of craigslist, thereby directly infringing craigslist's copyrights.

154.    Defendants' copies, reproductions, derivative works, distributions, and displays are identical and/or substantially similar to the Copyrighted Works.

155.    The foregoing acts of Defendants constitute copyright infringement of craigslist's exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

156.    Defendants' actions were and are intentional, willful, wanton and performed in disregard of craigslist's rights.

157.    craigslist has been and will continue to be damaged, and Defendants have been unjustly enriched, by Defendants' unlawful infringement of craigslist's website in an amount to be proven at trial.

158.    Defendants' conduct also has caused irreparable and incalculable harm and injuries to craigslist, and, unless enjoined, will cause further irreparable and incalculable injury, for which craigslist has no adequate remedy at law.

159.     craigslist is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of all Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and craigslist's costs and attorneys' fees in amounts to be determined at trial.

## **FIFTH CLAIM FOR RELIEF**
### **Contributory Copyright Infringement as to Defendant 3Taps**

160.     craigslist realleges and incorporates by reference all of the preceding paragraphs.

161.     3Taps provides its users with copies and/or derivative works of the Copyrighted Works without craigslist's consent.

162.     3Taps' users then copy, reproduce, prepare derivative works from, distribute copies to the public and/or display publicly the Copyrighted Works without the consent or authority of craigslist, thereby directly infringing craigslist's copyrights.

163.     3Taps has engaged and continues to engage in the business of knowingly and systematically inducing, causing, and/or materially contributing to unauthorized copying, reproduction, preparation of derivative works from, distribution of copies to the public and/or public display of the Copyrighted Works by 3Taps users and thus to the direct infringement of the Copyrighted Works.

164.     3Taps' conduct constitutes contributory infringement of craigslist's copyrights and exclusive rights under copyright in the Copyrighted Works in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

165.     3Taps' actions were and are intentional, willful, wanton and performed in disregard of craigslist's rights.

166.     craigslist has been and will continue to be damaged, and 3Taps has been unjustly enriched, by 3Taps' unlawful infringement of the Copyrighted Works in an amount to be proven at trial.

FIRST AMENDED COMPLAINT
Case No. CV 12-03816 CRB

167.     3Taps' conduct also has caused irreparable and incalculable harm and injuries to craigslist, and, unless enjoined, will cause further irreparable and incalculable injury, for which craigslist has no adequate remedy at law.

168.     craigslist is entitled to the relief provided by 17 U.S.C. §§ 502-505, including, but not limited to, injunctive relief, an order for the impounding and destruction of all Defendants' infringing copies and/or derivative works, compensatory damages (including, but not limited to actual damages and/or Defendants' profits), statutory damages, punitive damages, and craigslist's costs and attorneys' fees in amounts to be determined at trial.

## SIXTH CLAIM FOR RELIEF
### Federal Trademark Infringement as to Defendants 3Taps and PadMapper
### 15 U.S.C. § 1114

169.     craigslist realleges and incorporates by reference all of the preceding paragraphs.

170.     craigslist owns U.S. Registrations Nos. 2395628, 2905107, 2985065, and 3008562 for the CRAIGSLIST mark.

171.     Defendants' use of the CRAIGSLIST mark is without the permission of craigslist.

172.     Defendants' use of the CRAIGSLIST mark in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of craigslist in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive.  For example, users of Defendants' websites are likely to be confused as to whether Defendants' websites and services are associated or approved by craigslist.

173.     As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.  craigslist has no adequate remedy at law and is therefore entitled to injunctive relief as set forth herein.

174.     As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary relief in an amount to be proven at trial.

175. Defendants' misconduct has been and is knowing, deliberate, and willful. Defendants' willful use of the CRAIGSLIST mark without excuse or justification renders this an exceptional case and entitles craigslist to its reasonable attorneys' fees.

**SEVENTH CLAIM FOR RELIEF**
**Federal False Designation of Origin as to Defendants 3Taps and PadMapper**
**15 U.S.C. § 1125(a)**

176. craigslist realleges and incorporates by reference all of the preceding paragraphs.

177. The general consuming public of the United States widely recognizes the CRAIGSLIST mark as designating craigslist as the source of services.

178. Defendants' unauthorized use of the CRAIGSLIST mark in interstate commerce is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products or services are provided by craigslist, associated or connected with craigslist, or have the sponsorship, endorsement, or approval of craigslist, in violation of 15 U.S.C. § 1125(a). For example, users of Defendants' websites are likely to be confused as to whether Defendants' websites and services are associated or approved by craigslist.

179. Defendants' misconduct resulting in such likelihood of confusion, deception, and mistake will continue unless enjoined by this Court.

180. As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court. craigslist has no adequate remedy at law and is therefore entitled to injunctive relief as set forth herein.

181. As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary relief under 15 U.S.C. § 1117, including profits, damages, and costs of the action.

182. Defendants' misconduct has been and is knowing, deliberate, and willful. Defendants' willful use of the CRAIGSLIST mark without excuse or justification renders this an exceptional case and entitles craigslist to its reasonable attorneys' fees.

**EIGHTH CLAIM FOR RELIEF**
**Federal Dilution of a Famous Mark as to Defendant 3Taps**
**15 U.S.C. § 1125(c)**

183.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

184.    The CRAIGSLIST mark is a famous and distinctive mark, and is widely recognized by the general consuming public of the United States as a designation of source of craigslist's services.

185.    The CRAIGSLIST mark was famous prior to the time 3Taps commenced use of the CRAIGSLIST mark and its marks in commerce.

186.    3Taps' websites display the CRAIGSLIST mark and craigslist website within its websites.

187.    3Taps' use of the CRAIGSLIST mark is likely to cause dilution by blurring, by impairing the distinctiveness of the CRAIGSLIST mark, thereby damaging craigslist's goodwill and disparaging craigslist's rights in the CRAIGSLIST mark.  For example, 3Taps' use of the CRAIGSLIST mark in its websites is likely to reduce the distinctiveness of the CRAIGSLIST mark by reducing the general consuming public's association of the mark with craigslist's services.  3Taps' acts and conduct are in violation of 15 U.S.C. § 1125(c).

188.    In addition, 3Taps' use of the CRAIGGERS mark is likely to cause an association arising from the similarity between the CRAIGGERS mark and CRAIGSLIST mark that impairs the distinctiveness of the CRAIGSLIST mark.  3Taps' use of the CRAIGGERS mark in commerce is likely to cause dilution by blurring of the famous CRAIGSLIST mark in violation of the Lanham Act, 15 U.S.C. §1125(c).

189.    As a direct and proximate result of 3Taps' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.  This harm includes a reduction in the distinctiveness of the CRAIGSLIST mark and injury to craigslist's reputation that cannot be remedied through damages, and craigslist has no remedy at law.  craigslist is therefore entitled to injunctive relief as set forth herein.

190.    3Taps willfully intended to trade on craigslist's reputation or to cause dilution of the famous CRAIGSLIST mark and, therefore, craigslist is entitled to monetary relief under 15 U.S.C. § 1117, including profits, damages, and costs of the action.

191.    3Taps' misconduct has been and is knowing, deliberate, and willful.  3Taps' willful use of the CRAIGSLIST mark without excuse or justification renders this an exceptional case and entitles craigslist to its reasonable attorneys' fees.

### NINTH CLAIM FOR RELIEF
**Federal Cyberpiracy Prevention as to Defendant 3Taps**
**15 U.S.C. § 1125(d)**

192.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

193.    The CRAIGSLIST mark was famous and distinctive at the time craiggers.com was registered.

194.    3Taps, without regard to the products or services provided by craigslist and with a bad faith intent to profit from the CRAIGSLIST mark, has registered, trafficked in, and continues to use its domain name that is identical or confusingly similar to or dilutive of the CRAIGSLIST mark, in violation of the Lanham Act, 15 U.S.C. § 1125(d).

195.    3Taps' use of CRAIGGERS is likely to cause an association arising from the similarity between CRAIGGERS and CRAIGSLIST that impairs the distinctiveness of craigslist's famous mark.

196.    As a direct and proximate result of 3Taps' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless the Court orders that the craiggers.com domain be forfeited or cancelled, or transferred to craigslist.

197.    As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary relief under 15 U.S.C. § 1117, including profits, damages, and costs of the action.

FIRST AMENDED COMPLAINT
Case No. CV 12-03816 CRB

198.    Defendants' misconduct has been and is knowing, deliberate, and willful. Defendants' willful use of the CRAIGSLIST mark without excuse or justification renders this an exceptional case and entitles craigslist to its reasonable attorneys' fees.

**TENTH CLAIM FOR RELIEF**
**California Trademark Infringement as to Defendants 3Taps and PadMapper**
**Cal. Bus. & Prof. Code § 14245**

199.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

200.    Defendants' unauthorized use of the CRAIGSLIST mark in connection with the sale, offering for sale, distribution or advertising of their products or services is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products or services are provided by craigslist, associated or connected with craigslist, or have the sponsorship, endorsement, or approval of craigslist, in violation of California Business & Professions Code Section 14245.

201.    craigslist is informed and believes, and on that basis alleges, that Defendants' acts were, and are, in conscious and willful disregard of craigslist's trademark rights.

202.    As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.

**ELEVENTH CLAIM FOR RELIEF**
**Common Law Trademark Infringement as to Defendants 3Taps and PadMapper**

203.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

204.    Defendants' unauthorized use of the CRAIGSLIST mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' products or services are provided by craigslist, associated or connected with craigslist, or have the sponsorship, endorsement, or approval of craigslist, in violation of the common law.

205.    Defendants' misconduct resulting in such actual and likelihood of confusion, deception, and mistake will continue unless enjoined by this Court.

206.     As a direct and proximate result of Defendants' misconduct, craigslist has been, and will continue to be irreparably harmed, injured and damaged, and such harm will continue unless enjoined by this Court.  Such harm includes damage to craigslist's rights in its marks, and to the business, positive reputation and goodwill of craigslist, which cannot be adequately compensated solely by monetary damages.  craigslist therefore has no adequate remedy at law and seeks permanent injunctive relief.

207.     As a direct and proximate result of Defendants' misconduct, craigslist has suffered and is entitled to monetary damages in an amount to be determined at trial.

## TWELFTH CLAIM FOR RELIEF
### California Unfair Competition
### Cal. Bus. & Prof. Code § 17200, *et seq.* as to all Defendants

208.     craigslist realleges and incorporates by reference all of the preceding paragraphs.

209.     By the acts described herein, Defendants have engaged in unlawful and unfair business practices that have injured and will continue to injure craigslist in its business and property, in violation of California Business and Professions Code Section 17200, *et seq.*

210.     Defendants' acts alleged herein have caused monetary damages to craigslist in an amount to be proven at trial, and have caused and will continue to cause, irreparable injury to craigslist and its business, reputation, and trademarks, unless and until Defendants are permanently enjoined.

211.     As a direct and proximate result of Defendants' conduct alleged herein, Defendants have been unjustly enriched and should be ordered to disgorge any and all profits earned as a result of such unlawful conduct.

## THIRTEENTH CLAIM FOR RELIEF
### Computer Fraud and Abuse Act as to Defendants 3Taps and Niessen
### 18 U.S.C. §1030 *et seq.*

212.     craigslist realleges and incorporates by reference all of the preceding paragraphs.

213.     craigslist's computers and servers are involved in interstate and foreign commerce and communication, and are protected computers under 18 U.S.C. §1030(e)(2).

214.    On information and belief, Defendants knowingly and intentionally accessed craigslist's computers without authorization or in excess of authorization as defined by craigslist's TOU.

215.    On information and belief, after gaining unauthorized access to craigslist's servers, Defendants obtained and used valuable information from craigslist's protected computers and servers in transactions involving interstate or foreign communications.  This information includes, among other things, craigslist posts and other content, and the use includes, among other things, distributing that content to others.

216.    Defendants knowingly, willfully, and with an intent to defraud accessed craigslist's computers and servers without authorization or in excess of authorization and obtained valuable information from craigslist's computers and servers that, on information and belief, Defendants used to obtain something of value.

217.    craigslist has suffered damage and loss by reason of these violations, including, without limitation, harm to craigslist's content, programs, and computer systems, expenses associated with being forced to investigate the unauthorized access and abuse of its computers and servers, and other losses and damage in an amount to be proven at trial, and well in excess of $5,000 aggregated over a one year period.

218.    In addition, Defendants have engaged in a civil conspiracy to commit the above-described activities by engaging agents, licensees, and/or affiliates to obtain unauthorized access by robot, spider, or other automatic device, to craigslist's computer system, including its servers, the craigslist website, and the content contained within.  Defendants have acted in concert with each other, as well as with numerous other agents, licensees, and/or affiliates for this unauthorized and unlawful purpose.  This conduct, as well, has harmed and will continue to harm craigslist, and craigslist has been and will continue to be damaged.

219.    In addition, craigslist has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants. Accordingly, craigslist is entitled to injunctive relief.

FIRST AMENDED COMPLAINT
Case No. CV 12-03816 CRB

# FOURTEENTH CLAIM FOR RELIEF
## California Comprehensive Computer Access and Fraud Act as to Defendants 3Taps and Niessen
## Cal. Penal Code §502

220.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

221.    Defendants have violated California Penal Code §502(c)(2) by knowingly and fraudulently, and without permission, accessing, taking, copying, and making use of programs, data, and files from craigslist's computers, computer systems, and/or computer networks.

222.    Defendants have violated California Penal Code §502(c)(3) by knowingly, fraudulently, and without permission accessing and using craigslist's computers and servers.

223.    Defendants have violated California Penal Code §502(c)(6) by knowingly, fraudulently, and without permission providing, or assisting in providing, a means of accessing craigslist's computers, computer systems, and/or computer networks.

224.    Defendants have violated California Penal Code §502(c)(7) by knowingly, fraudulently, and without permission accessing, or causing to be accessed, craigslist's computers, computer systems, and/or computer networks.

225.    craigslist owns certain data that comprises information obtained by Defendants as alleged above.

226.    As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code §502, Defendants have caused damage to craigslist in an amount to be proven at trial.  Craigslist is also entitled to recover its reasonable attorney's fees pursuant to California Penal Code §502(e).

227.    In addition, Defendants have engaged in a civil conspiracy to violate sections 502(c)(2)-(7) by engaging agents, licensees, and/or affiliates to obtain unauthorized access by robot, spider, or other automatic device, to craigslist's computer system, including its servers, the craigslist website, and the content contained within.  Defendants have acted in concert with each other, as well as with numerous other agents, licensees, and/or affiliates for this unauthorized and

1  unlawful purpose.  This conduct, as well, has harmed and will continue to harm craigslist, and

2  craigslist has been and will continue to be damaged.

3        228.    craigslist is informed and believes that the aforementioned acts of Defendants were

4  willful and malicious in that Defendants' acts described above were done with the deliberate

5  intent to injure craigslist's business and improve its own.  Craigslist is therefore entitled to

6  punitive damages.

7        229.    In addition, craigslist has suffered and will continue to suffer irreparable harm, and

8  its remedy at law is not itself adequate to compensate it for injuries inflicted by Defendants.

9  Accordingly, craigslist is entitled to injunctive relief.

10              **FIFTEENTH CLAIM FOR RELIEF**
              **Aiding and Abetting Trespass as to Defendant 3Taps**
11

12       230.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

13       231.    craigslist is informed and believes and thereon alleges that Defendant 3Taps has

14  and had specific knowledge of, and actively encourages and encouraged, Defendant Niessen to

15  intentionally and without authorization access and interact with craigslist, including without

16  limitation, craigslist's website, computer systems and servers.  This conduct by Niessen, which

17  3Taps has and continues to have knowledge of and actively encourage, constitutes unlawful

18  access to and interference and intermeddling with craigslist, its website, computer systems, and

19  its servers.

20       232.    3Taps substantially assisted and encouraged Niessen's conduct described above

21  by, among other things, facilitating and supporting the collection, transfer, and storage of

22  craigslist content.

23       233.    3Taps' conduct in this regard constitutes aiding and abetting trespass that has

24  harmed and will continue to harm craigslist.  As a result, craigslist has been and will continue to

25  be damaged.

26       234.    craigslist has suffered and will continue to suffer irreparable harm, and its remedy

27  at law is not itself adequate to compensate it for injuries inflicted by 3Taps.  Accordingly,

28  craigslist is entitled to injunctive relief.

FIRST AMENDED COMPLAINT
Case No. CV 12-03816 CRB

## SIXTEENTH CLAIM FOR RELIEF
### Aiding and Abetting Misappropriation as to Defendants Niessen and 3Taps

235.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

236.    Defendant Niessen has actual knowledge that Defendant 3Taps uses time-sensitive "scraped" craigslist content to compete with craigslist.  Defendant Niessen encourages and substantially assists 3Taps in those activities by, among other things, providing "scraped" time-sensitive craigslist content to 3Taps.

237.    Likewise, Defendant 3Taps has actual knowledge that Defendants PadMapper and Lovely each uses time-sensitive "scraped" craigslist content to compete with craigslist. Defendant 3Taps encourages and substantially assists Defendants PadMapper and Lovely in those activities by, among other things, providing "scraped" time-sensitive craigslist content to PadMapper and Lovely.

238.    Defendants Niessen and 3Taps have thus aided and abetted the misappropriation of craigslist's content.  As a result, craigslist has been and will continue to be damaged.

239.    craigslist has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by 3Taps and Niessen. Accordingly, craigslist is entitled to injunctive relief.

## SEVENTEENTH CLAIM FOR RELIEF
### Accounting as to all Defendants

240.    craigslist realleges and incorporates by reference all of the preceding paragraphs.

241.    Since at least April 2010, Defendants have obtained business through the use of unlawful conduct, as alleged elsewhere in the complaint.

242.    Defendants have received money as a result of their misconduct, at craigslist's expense, and some or all of such money is rightfully due to craigslist.

243. The amount of money due from Defendants to craigslist cannot be ascertained without an accounting of the income and gross profits Defendants have obtained through their wrongful and unlawful conduct. craigslist is entitled, therefore, to a full accounting.

## PRAYER FOR RELIEF

WHEREFORE, craigslist prays that judgment be entered in its favor and against Defendants, as follows:

1. A preliminary injunction and permanent injunction enjoining and restraining all Defendants, their employees, representatives, agents, and all persons or entities acting in concert with them during the pendency of this action and thereafter perpetually from:

(a) Copying, reproducing, preparing derivative works from, distributing copies to the public, and/or publicly displaying the Copyrighted Works;

(b) Knowingly and systematically inducing, causing, and/or materially contributing to unauthorized copying, reproduction, preparation of derivative works from, distribution of copies to the public, and/or publicly displaying the Copyrighted Works;

(c) Using, authorizing the use of, copying, reproducing or imitating the CRAIGSLIST mark, or any confusingly similar or colorable imitation thereof;

(d) Accessing or using craigslist's website for any commercial purpose whatsoever.

2. An order requiring Defendants to destroy all documents, data, and other items, electronic or otherwise, in their possession, custody, or control, that infringe the copyrights and trademarks of craigslist.

3. An order requiring that the craiggers.com domain be forfeited or cancelled, or transferred to craigslist.

4. An award to craigslist of restitution and damages, including, but not limited to, liquidated, compensatory, statutory, treble damages, and punitive damages, as permitted by law;

5. An award to craigslist of its costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law;

6. For such other relief as the Court deems just and proper.

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO ALTO

-39-

FIRST AMENDED COMPLAINT
Case No. CV 12-03816 CRB

November 20, 2012                        **PERKINS COIE** LLP

By     ____*/s/ Chris Kao*_____
               CHRISTOPHER KAO

Attorneys for Plaintiff craigslist, Inc.

1    **DEMAND FOR JURY TRIAL**

2            Plaintiff hereby demands a jury trial of all issues in the above-captioned action that are

3    triable to a jury.

4    November 20, 2012                              **PERKINS COIE** LLP

5

6                                                  By:  _____/s/ *Chris Kao*_____
                                                        CHRISTOPHER KAO

7                                                  Attorneys for Plaintiff craigslist, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PERKINS COIE LLP
ATTORNEYS AT LAW
PALO Palo Alto

FIRST AMENDED COMPLAINT
                                                   Case No.  CV 12-03816 CRB