# EXHIBIT 5

THE LAW OFFICES OF THOMAS V. CHRISTOPHER
THE BANK OF AMERICA CENTER
555 CALIFORNIA STREET, STE. 4925
SAN FRANCISCO, CA 94104
(t) 415-659-1805
(f) 415-659-1950
Email: thomas@thomaschristopherlaw.com
Web: thomaschristopherlaw.com

January 16, 2018

**Via United States Mail and Electronic Mail**

Jonathan H. Blavin
Munger Tolles & Olsen LLP
560 Mission Street, 27th Floor
San Francisco, CA 94105

Re:    **LinkedIn Corporation**

Mr. Blavin,

This firm represents 3taps, Inc. ("3taps") in connection with its business of using automated means to acquire publicly-available data and information from publicly-available webpages, such as the one hosted by your client LinkedIn Corporation ("LinkedIn"). As you know, 3taps filed a brief as *amicus curaie* supporting the position of hiQ Labs, Inc. ("hiQ") in the appeal currently pending in the Ninth Circuit (No. 17-16783).

As set forth in the responding papers on that appeal and the *amicus* briefs filed by 3taps, the Electronic Frontier Foundation, and others, no reasonable reading of the Computer Fraud and Abuse Act ("CFAA") supports the ability of private internet operators, such as LinkedIn, to prohibit so-called data scrapers from accessing and using publicly-available facts and information. 3taps therefore believes, quite strongly, that Judge Chen correctly interpreted the CFAA and that his interpretation will soon be affirmed on appeal.

Moreover, the Ninth Circuit recently held in the decision <u>Oracle v. Rimini Street, Inc.</u>, 2018 WL 315568, ___, F3d. ___ (9th Cir. 2018), that "taking data using a *method* prohibited by the applicable terms of use, when taking itself is generally permitted, does not violate" California's Computer Data Access and Fraud Act. Because courts generally treat the provisions of the California statute as coterminous with the CFAA, and because

LinkedIn has authorized the taking of data on its site by making it publicly-available, we do not believe that LinkedIn has any valid legal basis to prohibit companies like 3taps from using automated means to access materials publicly-available on LinkedIn's webpage.

Contrary to the claims made by Craigslist in its *amicus* filing, 3taps does not consist of bad actors intent on doing harm to web operators such as LinkedIn, and it does not operate in the dark from remote offshore locations designed to defeat US jurisdiction over its activities. Indeed, 3taps has generally been very upfront about its scraping activities and the nature of its business practices. In the spirit of that openness, we are writing to inform you that, in reliance on Judge Chen's decision and the Oracle decision cited above, 3taps intends to begin scraping publicly-available data from LinkedIn.com in the coming weeks, and does not intend to await the outcome of the appeal before initiating those activities. We are sending you this notice as a courtesy, and it should in no way be interpreted as a request for permission, as Judge Chen's opinion establishes beyond peradventure that 3taps does not require LinkedIn's permission to scrape and make use of information made publicly-available on LinkedIn.com.

    Very truly yours,

    *Thomas Christopher*

    Thomas V. Christopher
    The Law Offices of Thomas V. Christopher
    Attorneys For 3taps, Inc.