# EXHIBIT 6

**MUNGER, TOLLES & OLSON LLP**

560 MISSION STREET
SAN FRANCISCO, CALIFORNIA 94105-3089
TELEPHONE (415) 512-4000
FACSIMILE (415) 512-4077

350 SOUTH GRAND AVENUE
FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071-3426
TELEPHONE (213) 683-9100
FACSIMILE (213) 687-3702

1155 F STREET N.W.
SEVENTH FLOOR
WASHINGTON, D.C. 20004-1361
TELEPHONE (202) 220-1100
FACSIMILE (202) 220-2300

January 24, 2018

Writer's Direct Contact
(415) 512-4011
(415) 644-6911 FAX
jonathan.blavin@mto.com

**VIA EMAIL ONLY**

Thomas V. Christopher
Law Offices of Thomas V. Christopher
555 California Street, Suite 4925
San Francisco, California 94104
thomas@thomaschristopherlaw.com

    Re:    3taps' Unauthorized Access to And Scraping of LinkedIn's Servers

Dear Mr. Christopher:

    I represent LinkedIn Corporation ("LinkedIn"). This letter responds to your letter on behalf of 3taps, Inc. ("3taps") dated January 16, 2018, in which you stated that 3taps intended to commence scraping data from LinkedIn's servers in the "coming weeks."

    To be clear, in light of 3taps' intention to scrape data from LinkedIn, any further access by 3taps to the LinkedIn website and LinkedIn's servers is without LinkedIn's or its members' authorization. 3taps and its principal, Greg Kidd, are well aware of LinkedIn's longstanding prohibition on scraping, found in Section 8.2 of LinkedIn's User Agreement (https://www.linkedin.com/legal/user-agreement). 3taps agreed to this User Agreement when it created its company page and Mr. Kidd likewise agreed to it when he became a LinkedIn

MUNGER, TOLLES & OLSON LLP

Thomas V. Christopher
January 24, 2018
Page 2

member.  3taps has publicly stated that it has "full respect for copyright, anti-hacking, and contract law,"[1] and LinkedIn hopes 3taps will abide by its public statements.

The legal basis upon which you state 3taps intends to begin scraping LinkedIn is misplaced and currently under review.  As you know, LinkedIn has appealed Judge Chen's decision in *hiQ Labs, Inc. v. LinkedIn Corp.* to the Ninth Circuit (No. 17-16783).  As part of that appeal, LinkedIn has asked that the Ninth Circuit consider whether Judge Chen's interpretation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"), was correct.  As you also know, Judge Chen's decision directly conflicts with Judge Breyer's decision in *Craigslist Inc. v. 3Taps Inc.*, 964 F. Supp. 2d 1178 (N.D. Cal. 2013), which rejected 3taps's arguments and held that website operators could invoke the CFAA to prohibit bad actors from visiting their publicly-available websites.  While LinkedIn does not intend to consider legal action with respect to 3taps's January 16, 2018 letter until the Ninth Circuit renders its decision, we want to be clear that 3taps has no authorization to access the LinkedIn website and LinkedIn's servers.

Further, your interpretation of the Ninth Circuit's recent decision in *Oracle USA, Inc. v. Rimini St., Inc.*, No. 16-16832, 2018 WL 315568, -- F.3d -- (9th Cir. Jan. 8, 2018) is incorrect.  First, that case only concerned California Penal Code § 502 and Nev. Rev. Stat. § 205.4765(1).  As the Ninth Circuit has explicitly noted, § 502 and the CFAA "are different," as the "CFAA criminalizes unauthorized *access*, not subsequent unauthorized *use*" of data, like § 502.  *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015).  Moreover, as *Rimini Street* held, the "key to the state statutes" there was "whether Rimini was authorized in the first instance to take and use the information that it downloaded."  2018 WL 315568, at *10.  Because Rimini "had such authorization, at least at the time it took the data in the first instance, [it] did not violate the state statutes."  *Id.*  By contrast here, 3taps does not have and has never had permission to scrape LinkedIn's servers and extract its data *en masse*, must circumvent LinkedIn's technical protection measures to do so, and unquestionably going forward is not "authorized in the first instance" to access and scrape LinkedIn's servers.  *Id.*

Sincerely,

*/s/ Jonathan H. Blavin*
Jonathan H. Blavin

---

[1] "The What and the Why of It: 3Taps' Dispute with Craigslist," http://3taps.com/images/pics/430_The%20What%20and%20the%20Why%202.0.pdf.