THOMAS V. CHRISTOPHER
(STATE BAR NO. 185928)
thomas@thomaschristopherlaw.com
THE LAW OFFICES OF THOMAS V. CHRISTOPHER
415 Mission Street, 37th Floor
San Francisco, CA 94105
Telephone: +1 415 659 1805

*Attorney for Plaintiff*
*3taps, Inc.*

ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
RUSSELL P. COHEN (SBN 213105)
rcohen@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105-2669
Telephone: +1 415 773 5700
Facsimile: +1 415 773 5759

MARIA N. SOKOVA (SBN 323627)
msokova@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

*Attorneys for Defendant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3taps, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LinkedIn Corporation,<br><br>Defendant. | Case No. 18-cv-00855-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Edward M. Chen<br>Hearing Date: April 7, 2022<br>Time: 1:30 p.m.<br>Trial Date: None Set |

Plaintiff 3Taps, Inc. ("3taps") and Defendant LinkedIn Corporation ("LinkedIn") jointly submit this Joint Case Management Statement pursuant to the Court's September 24, 2021, Order (ECF 58), Civil Local Rule 16-9, and the Standing Order for All Judges of The Northern District of California.

1. **Jurisdiction and Service**

The parties agree that the Court has federal question jurisdiction over 3Taps' claim for declaratory judgment of its rights under the CFAA because it is a federal statute.  The parties agree that the Court has supplemental jurisdiction over 3taps' claims for declaratory judgment of its rights under the California Comprehensive Computer Data Access and Fraud Act and that 3taps will not commit a trespass.  LinkedIn asserts that the Court lacks subject matter jurisdiction because the Amended Complaint fails to allege any actual or imminent redressable injury and does not demonstrate a ripe controversy.  3taps asserts that the Court has subject matter jurisdiction as the Amended Complaint clearly alleges an actual or imminent redressable injury with all of the detail required by applicable law.  The parties agree that personal jurisdiction and venue are proper in the Northern District of California.  No parties remain to be served.

2. **Facts**

   *(a)   3Taps Statement*

Despite this Court's holding in the related *hiQ Labs, Inc. v. LinkedIn Corporation* matter, LinkedIn, upon learning of 3taps' plans to scrape publicly-available data from its website, took the remarkable position in a letter to 3taps that such scraping was illegal under the CFAA, and that this Court's order in the *hiQ Labs, Inc. v. LinkedIn Corporation* matter was wrongly decided. LinkedIn, in the same letter to 3taps, cited other decisions that held, contrary to this Court's ruling, that scraping publicly-available data was illegal.  As a result, and in order to avoid the possibility of ruinous litigation by LinkedIn, which has a well-deserved reputation for sparing no litigation expense litigating against data scrapers such as 3taps and hiQ, 3taps sought declaratory

relief from this Court regarding the legality of its scraping of publicly-available information from LinkedIn.

LinkedIn has moved to dismiss the matter, not on its merits, but for lack of alleged Article III jurisdiction. As LinkedIn has elected to summarize those arguments in this CMC statement, 3taps feels compelled to respond. Each of LinkedIn's arguments can be disposed of quickly. For one, LinkedIn claims that this suit is somehow a "collateral attack" on an order issued years ago in a litigation between 3taps and Craigslist that did not involve LinkedIn in any manner. That argument makes no sense. 3taps settled with Craigslist and entered into a consent judgment that prevents 3taps from scraping Craigslist and *Craigslist only*. 3taps settled with Craigslist based on the *specific facts of that case*, and the consented-to injunction against scraping Craigslist (*and only Craigslist*) remains in place. Absolutely nothing in this action seeks to undermine or set aside any aspect of Judge Breyer's order on the consent judgment and it is far from clear that this Court could even issue such an order. This action seeks only an order regarding the legality of scraping LinkedIn. Indeed, LinkedIn's motion to have this matter "related" to the Craigslist matter and assigned to Judge Breyer was rejected because this case has nothing to do with the Craigslist matter.

LinkedIn's other argument is that, according to LinkedIn, 3taps actually does not intend or plan to scrape LinkedIn. That argument also makes no sense in light of LinkedIn's primary argument on the motion to dismiss. LinkedIn's primary argument is that 3taps went to great and improbably lengths to "manufacture" this litigation by making an investment in hiQ, then sending letters to LinkedIn, then filing suit. **_Why in the world would 3taps go to all of that trouble, and spend tens of thousands of dollars on legal fees, to seek a declaration that its proposed scraping of LinkedIn is lawful, if (again, according to LinkedIn) 3taps doesn't actually plan to scrape LinkedIn?_** LinkedIn's arguments are at war with themselves.

(b)     **LinkedIn's Statement**

3taps' Amended Complaint indicates that the genesis of this lawsuit was a desire by Greg Kidd, 3taps' CEO and the President of 3Taps' investor Hard Yaka, to "tak[e] advantage of" the preliminary injunction order in *hiQ Labs, Inc. v. LinkedIn Corporation*. As detailed further in

LinkedIn's motion to dismiss 3taps' Amended Complaint (ECF No. 61), 3taps, Hard Yaka, and Mr. Kidd desired to take advantage of the preliminary injunction order to obtain a ruling from this Court that they could use to collaterally attack a previous order from Judge Breyer permanently enjoining them from scraping Craigslist.com.  In order to obtain the desired ruling from this Court, 3taps and Mr. Kidd purchased a relationship to hiQ via Mr. Kidd's investment company, Hard Yaka.  They then attempted to manufacture a controversy with LinkedIn by goading LinkedIn into threatening a lawsuit.  Specifically, on January 16, 2018, 3taps "directed a letter to LinkedIn's counsel informing LinkedIn of 3taps' position that Judge Chen's decision in *hiQ Labs v. LinkedIn Corp* applied to 3taps, and that, as a result, 3taps intended to begin collecting and using publicly-available data from LinkedIn's website as hiQ had been doing."  LinkedIn did not take the bait, and expressly stated in its January 24 response letter that it had no intention of taking immediate legal action against LinkedIn.  That was the sum total of the parties' pre-suit communications—initiated entirely by 3taps.  3taps filed this lawsuit anyway, claiming it was related to hiQ and mischaracterizing the pre-suit correspondence with LinkedIn as a threat of ruinous litigation, and broadly asserting an unspecified plan to scrape data from LinkedIn "just like hiQ."  3taps then filed a motion to have this case related to the *hiQ v. LinkedIn* case pending before this Court, which this Court granted.

The Amended Complaint does not allege that 3taps has ever actually scraped data from LinkedIn or taken any steps towards doing so.  It also does not provide any facts about 3taps' alleged plan to scrape data from LinkedIn webpages in the future, and provides nothing to suggest that 3taps has any similarity to hiQ apart from their shared investor Hard Yaka.  For instance, 3taps does not allege it has the same business model as hiQ, it does not allege how it plans to scrape data from LinkedIn, what data it plans to scrape, what it plans to do with any data it scrapes, how it plans to commercialize the data, or how its business would be harmed from not having the data.

*Principal Factual Issues In Dispute.*

**3taps believes the following are the principal factual issues in dispute:** 3taps is unaware of any dispute regarding any factual issues that are material to the legal issue raised by this case. What LinkedIn identifies below as "factual issues in dispute" are actually just matters that LinkedIn incorrectly believes need to be alleged in 3taps' complaint in order to obtain declaratory relief.

**LinkedIn believes the following are the principal factual issues in dispute:**

3taps' Amended Complaint lacks facts sufficient to allow LinkedIn to determine whether there is an actual, concrete controversy between the parties. In particular, 3taps' Amended Complaint lacks the following facts, which LinkedIn expects would be in dispute if properly introduced in this case:

- Facts substantiating that 3taps has a bona fide plan to scrape LinkedIn and describing what that plan is;
- Facts describing the methods that 3taps would use to gain access to LinkedIn's computers and scrape data of LinkedIn's members, including whether 3taps' alleged plan includes the use of "bots" and methods of circumventing LinkedIn technological barriers;
- What LinkedIn member data 3taps allegedly plans to scrape and whether 3taps would inform LinkedIn members that their data is being scraped;
- What 3taps intends to do with any data it may obtain;
- The harm to LinkedIn and its members that may occur depending on the (undisclosed) nature of 3taps' alleged plan.

3. **Legal Issues**

The parties dispute a number of legal issues, including:

- Whether 3taps has Article III standing to bring this declaratory judgment action;
- Whether the Amended Complaint alleges an actual or imminent redressable injury;

- Whether the Amended Complaint demonstrates a ripe controversy between LinkedIn and 3taps;
- If the Court finds that 3taps has Article III standing, whether the Court should exercise its discretion to dismiss this action.

3taps also asserts that the parties dispute the legal issue of whether the Computer Fraud and Abuse Act prohibits 3taps from scraping publicly-available data from LinkedIn's website. LinkedIn asserts that 3taps has not described its intended course of action with sufficient particularity to assess whether the parties have a CFAA dispute.

**4.     Motions**

On August 13, 2021, LinkedIn filed a motion to dismiss 3taps' initial complaint. Subsequently, the parties met and conferred and agreed that in the interest of efficiency of the parties and the Court, that LinkedIn would withdraw its motion to dismiss without prejudice and that 3taps would file an Amended Complaint. 3taps filed an Amended Complaint on October 05, 2021. LinkedIn filed a motion to dismiss 3taps' Amended Complaint for lack of subject matter jurisdiction on December 07, 2021. The motion is fully briefed, and a hearing is set for April 7, 2022.

*3taps' Position.* 3taps contends that, in the interests of efficiency, this Court should delay ruling on the pending motion to dismiss until after hiQ's appeal is resolved, and that discovery should remain stayed pursuant to the Court's order at ECF 30. The parties agreed to an April 7, 2022, hearing date on motions to dismiss at a time when 3taps believed that hiQ's appeal would be resolved by then. hiQ's appeal has not been resolved and, in the interests of efficiency, 3taps believes the Court should await guidance from the Ninth Circuit before this action proceeds. This is the case because LinkedIn takes the position, reflected in its description above regarding the "factual issues in dispute" that issues such as (i) how 3taps intends to scrape and whether it intends to use "bots" to circumvent technical blocks by LinkedIn, (ii) what 3taps plans to do with the data it scrapes; and (iii) whether LinkedIn members would be harmed by the scraping, are relevant to the Court's analysis of the legality of the scraping. 3taps takes the position that those

issues are not relevant to the fundamental question raised by this action, which is whether the CFAA prohibits the scraping of publicly-available data from LinkedIn's website. The Ninth Circuit's opinion, which could come any day given that oral argument occurred in October 2021, could very likely provide guidance on, or even resolve, these disputed issues. Therefore, the interests of judicial efficiency and economy suggest that the Court should await ruling on the motion to dismiss and that discovery should remain stayed until after the Ninth Circuit issues its opinion.

LinkedIn's claim below that 3taps "takes the view that it cannot even describe its planned course of action until the Ninth Circuit's ruling in *hiQ* 'provides guidance'" is puzzling. 3taps is of course *capable* of describing its business plans. They are its plans. However, 3taps contends that it need not do so as such plans would be irrelevant to the legal question of whether the CFAA permits the scraping of publicly-available data, and telling LinkedIn (which is a far better resourced **competitor** of 3taps for the monetization of data on LinkedIn's webpage) of those business plans would simply allow LinkedIn to quickly seize the business opportunity for itself. If such plans are ever to be disclosed by 3taps in this case, they should be ordered disclosed only pursuant to an "Attorneys' Eyes-Only" provision, not in a pleading.

***LinkedIn's Position.*** 3taps has not filed a motion to stay the action and LinkedIn would oppose such a motion. 3taps seems to be suggesting that its proposed business that is the subject of its declaratory relief Amended Complaint is not presently known to it but instead depends upon the Ninth Circuit's decision in *hiQ*. If so, that simply underscores the degree to which there is no present actual controversy between the parties. 3taps is required to have had subject matter jurisdiction as of the time of filing its suit, and now it takes the view that it cannot even describe its planned course of action until the Ninth Circuit's ruling in *hiQ* "provides guidance." There is no reason to delay ruling on the pending motion to dismiss. The Ninth Circuit's opinion in the *hiQ* case will not fix the deficiencies in 3taps' Amended Complaint or change the fact that 3taps lacks standing here. If 3taps wishes to commence its new business after the Ninth Circuit rules and a dispute then arises between it and LinkedIn, it can re-file a lawsuit at that time. It should not be permitted further efforts to manufacture this dispute.

- - 6 - -

JOINT CASE MANAGEMENT STATEMENT
18-CV-00855-EMC

### 5. Amendment of Pleadings

Pursuant to a stipulation and an order from this Court (ECF No. 55), 3taps amended its complaint on October 05, 2021 (ECF No. 59). 3taps has no current plans to further amend or supplement its pleadings, but reserves the right to do so in the event a need arises in the future.

LinkedIn does not presently have a pleading on file. LinkedIn expects 3taps' claims to be dismissed.

### 6. Evidence Preservation

Both 3taps and LinkedIn have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and met and conferred in May 2021 pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

The parties have exchanged initial disclosures.

### 8. Discovery

Discovery is stayed until 30 days after LinkedIn files an Answer. ECF 30 ¶3. 3taps contends that it should remain stayed until the *hiQ* appeal is resolved.

### 9. Class Actions

This case is not a class action.

### 10. Related Cases

This matter has been ordered related to *hiQ Labs, Inc. v. LinkedIn Corporation*.

**11.  Relief**

3taps seeks declaratory judgment that 3taps will not be in violation of the CFAA, in violation of California Penal Code § 502, and will not commit a trespass if it proceeds to scrape LinkedIn webpages.

LinkedIn denies that 3taps is entitled to any relief as it has not pled a specific plan to scrape LinkedIn, alleged an actual or imminent redressable injury, or shown there is a ripe controversy between the parties.

**12.  Settlement and ADR**

The parties are contemplating next steps regarding settlement but have not yet come to any agreement.

**13.  Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.  Currently, there is not a magistrate judge assigned to the matter.

**14.  Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  Narrowing of Issues**

The outcome of LinkedIn's appeal in the *hiQ* matter and the outcome of LinkedIn's motion to dismiss the Amended Complaint will narrow the issues in this case.  The parties will work together in good faith to develop suggestions to expedite the presentation of evidence at trial.

**16.  Expedited Trial Procedure**

The parties agree that this case is not amenable to expedited trial.

**17.   Scheduling**

The parties agree that they should defer submitting a proposed scheduling order until after this Court rules on LinkedIn's motion to dismiss 3taps' Amended Complaint.

3taps contends the Court should delay ruling on the motion to dismiss, that discovery remain stayed per ECF 30, and that the Court defer issuing a scheduling order until the *hiQ* appeal is completed.

LinkedIn objects to any delay in assessing the subject matter jurisdiction of the suit. LinkedIn further notes that hiQ's efforts to postpone indefinitely the resolution of its claims strongly undercuts any assertion that it has suffered or is suffering any ongoing harm.

**18.   Trial**

Depending on which claims and defenses proceed to trial, LinkedIn estimates that trial could last between seven (7) and ten days (10).  3taps estimates trial could last between three (3) and seven (7) days.  LinkedIn asserts that 3taps is not entitled to a jury trial on its equitable claims.

**19.   Disclosure of Non-Party Interested Entities or Persons**

The parties have filed their certifications of interested entities or persons.  3taps stated that there are no interested parties to report.  LinkedIn stated that it is a wholly owned subsidiary of Microsoft Corporation, a publicly traded company with no person or entity owning more than 10% of outstanding common stock.

**20.   Professional Conduct**

The parties certify that all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.   Other**

None.

Dated: March 31, 2022                    THE LAW OFFICES OF THOMAS V.
                                         CHRISTOPHER

                                         By:   */s/ Thomas V. Christopher*
                                               Thomas V. Christopher
                                               *Attorneys for Plaintiff 3Taps, Inc.*


Dated: March 31, 2022                    ORRICK HERRINGTON & SUTCLIFFE

                                         By:   */s/ Annette L. Hurst*
                                               Annette L. Hurst
                                               *Attorneys for LinkedIn Corp.*


## Local Rule 5-1 Attestation

I, Annette L. Hurst, am the ECF User whose User ID and password are being used to file this document.  In compliance with Civil L.R. 5-1(h)(3), I hereby attest that I have obtained concurrence in the filing of this document from the above-listed signatories.


                                         By:   */s/ Annette L. Hurst*
                                               ANNETTE L. HURST