1    ANNETTE L. HURST (SBN 148738)
     ahurst@orrick.com
2    RUSSELL P. COHEN (SBN 213105)
     rcohen@orrick.com
3    DANIEL JUSTICE (SBN 291907)
     djustice@orrick.com
4    NATHAN SHAFFER (SBN 282015)
     nshaffer@orrick.com
5    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
6    405 Howard Street
     San Francisco, CA  94105-2669
7    Telephone:    +1 415 773 5700
     Facsimile:    +1 415 773 5759
8
     *Attorneys for Defendant*
9    *LinkedIn Corporation*

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14   3taps, Inc.,                          Case No. 18-cv-00855-EMC

15              Plaintiff,                  **DEFENDANT LINKEDIN'S REQUEST**
                                            **FOR JUDICIAL NOTICE IN SUPPORT**
16        vs.                               **OF ITS MOTION TO DISMISS**
                                            **SECOND AMENDED COMPLAINT**
17   LinkedIn Corporation,

18              Defendant.
                                            Judge:        Hon. Edward M. Chen
19                                          Hearing Date: October 27, 2022
                                            Hearing Time: 1:30 p.m.
20                                          Ctrm:         Courtroom 5
                                            Trial Date:   None Set
21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE THAT** LinkedIn Corporation ("LinkedIn") hereby requests that the Court take judicial notice of the documents listed below and attached hereto, pursuant to Rule 201 of the Federal Rules of Evidence and Rule 10(c) of the Federal Rules of Civil Procedure.  This request is made in support of LinkedIn's Motion to Dismiss Plaintiff's Second Amended Complaint.

1. Final Judgment and Permanent Injunction Against 3taps, Inc.; Hard Yaka, Inc.; and Robert G. Kidd, *Craigslist, Inc. v. 3taps, Inc. et al.*, No. 3:12-cv-03816-CRB (N.D. Cal. June 30, 2015) (Dkt. 272), a true and correct copy of which is attached hereto as **Exhibit 1.**

2. First Amended Complaint, *Craigslist, Inc. v. 3taps, Inc. et al.*, No. 3:12-cv-03816-CRB (N.D. Cal. June 30, 2015) (Dkt. 35), a true and correct copy of which is attached hereto as **Exhibit 2.**

3. Complaint, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal. June 07, 2017) (Dkt. 1), a true and correct copy of which is attached hereto as **Exhibit 3**.

4. Order Granting Plaintiff's Motion for Preliminary Injunction, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal. August 14, 2017) (Dkt. 63), a true and correct copy of which is attached hereto as **Exhibit 4**.

5. January 16, 2018 letter from 3taps's counsel to LinkedIn's counsel, a true and correct copy of which is attached hereto as **Exhibit 5**.

6. January 24, 2018 letter from LinkedIn's counsel to 3taps's counsel, a true and correct copy of which is attached hereto as **Exhibit 6**.

7. 3Taps, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal. Feb. 20, 2018) (Dkt. 96), attached hereto as **Exhibit 7**.

8. Order Granting Non-Party 3taps, Inc.'s Administrative Motion to Consider Whether Cases Should Be Related, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal. Feb. 22, 2018) (Dkt. 102), attached hereto as **Exhibit 8**.

9. ██████████████████████████████████████████████████

██████████████████████████████████████████ attached hereto

as **Exhibit 9.**

10. ██████████████████████████████████████████████

████████████████████████████████ attached hereto as **Exhibit 10.**

11. Printout of the 3taps webpage available at www.3taps.com, collected as described in the Justice Declaration, and attached hereto as **Exhibit 11.**

12. Printout of the 3taps webpage available at https://3taps.com/advocacy.html, collected as described in the Justice Declaration, and attached hereto as **Exhibit 12.**

13. 3taps's Open Access Manifesto, available on the https://3taps.com/advocacy.html webpage, collected as described in the Justice Declaration, and attached hereto as **Exhibit 13**.

14. Printout of the 3taps webpage available at https://3taps.com/developers-overview.html, collected as described in the Justice Declaration, and attached hereto as **Exhibit 14.**

15. Printout of the 3taps webpage available at docs.3taps.com, collected as described in the Justice Declaration, and attached hereto as **Exhibit 15.**

16. Printout of the 3taps webpage available docs.3taps.com/search_api.html, collected as described in the Justice Declaration, and attached hereto as **Exhibit 16.**

17. Printout of the 3taps webpage available at docs.3taps.com/polling_api.html, collected as described in the Justice Declaration, and attached hereto as **Exhibit 17.**

18. Printout of the 3taps webpage available at docs.3taps.com/reference_api.html, collected as described in the Justice Declaration, and attached hereto as **Exhibit 18.**

19. Certificate signed by the Secretary of State of Delaware voiding 3taps Inc.'s certificate of incorporation, attached hereto as **Exhibit 19.**

20. Transcript of July 15, 2022 Hearing, *hiQ Labs, Inc. v. LinkedIn Corp.*, No. 3:17-cv-03301-EMC (N.D. Cal. June 07, 2017) (Dkt. 325), a true and correct copy of which is attached hereto as **Exhibit 20.**

REQUEST FOR JUDICIAL NOTICE
18-cv-00855-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ARGUMENT

The Exhibits hereto are partially or wholly incorporated by reference into the SAC and are therefore matters of which this Court may take judicial notice under Federal Rule of Civil Procedure 10 and/or are also judicially noticeable under Rule of Evidence 201.  Accordingly, LinkedIn requests that this Court consider the materials in support of its motion to dismiss.

**I.      THE COURT SHOULD TAKE JUDICIAL NOTICE OF DOCUMENTS REFERENCED IN THE COMPLAINT UNDER RULE 10(C).**

The Court should take judicial notice of Exhibits 5-6, and 11-18 pursuant to Federal Rule of Civil Procedure 10(c).  Under Rule 10(c), a court may take judicial notice of documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleadings.  Fed. R. Civ. P. 10(c); *Graham v. U.S. Bank, N.A.*, No. 13-CV-01613 NC, 2013 WL 2285184, at *4 (N.D. Cal. May 23, 2013).

Exhibit 5 is a letter from 3taps's counsel to LinkedIn's counsel declaring 3taps's alleged decision to begin scraping data from LinkedIn webpages.  Exhibit 6 is a response letter from LinkedIn's counsel to 3taps's counsel asserting that 3taps is not authorized to access LinkedIn's website and servers.  The contents of these letters are referenced extensively throughout the Second Amended Complaint ("SAC").  *See* SAC ¶¶3, 14-15, 19, 28, 32, 37, 41.  3taps has copies of these letters so there should be no question as to their authenticity.  The contents of the letters can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.  Accordingly, Exhibits 5 and 6 should be judicially noticed pursuant to Rule 10(c) and Federal Rule of Evidence 201(b)(2).

Exhibits 11-18 are printouts of 3taps.com webpages.  The 3taps.com website is sited repeatedly in the SAC.  *See* SAC ¶10-13, 19.  It is 3taps's own website, so there should be no question as to the authenticity of the webpages.

Taking judicial notice of these documents is supported by the doctrine of incorporation by reference.  Under this doctrine, a defendant may seek to incorporate a document into the complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  To qualify as

REQUEST FOR JUDICIAL NOTICE
18-cv-00855-EMC

"extensively referenced," a document must be cited at least more than once or be quoted from at length. *Khoja v. Orexigen Therapeutics, Inc*., 899 F.3d 988, 1002 (9th Cir. 2018).  To form the basis for a claim, the document must serve as the foundation for an element of the claim.  *Id.*  Exhibits 5-6 and 11-18 satisfy both of these grounds for incorporation.

The correspondence in Exhibits 5 and 6 is referenced extensively in 3taps's SAC.  *See* SAC ¶¶3, 14-15, 19, 28, 32, 37, 41.  These are incorporated by reference.  *See Khoja*, 899 F.3d at 1002.  Further, 3taps asserts that alleged statements in these letters are the source of the actual controversy of an imminent and concrete nature upon which Article III jurisdiction rests. Because 3taps's assertion of Article III jurisdiction is premised on statements allegedly made in these letters, the entirety of the letters—not just the alleged statements 3taps cherrypicked in its SAC—are properly incorporated into the SAC.  *See Khoja*, 899 F.3d at 1002 ("The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

3taps's website, pages of which are captured in Exhibits 11-18, is also referenced extensively in 3taps's SAC.  *See* SAC ¶¶10-13, 19.  3taps's website is incorporated by reference. *See Khoja*, 899 F.3d at 1002.  Further, 3taps asserts that the "One-Stop Data Shop" on its website evidences that it is immediately capable of scraping LinkedIn, and thus evidences a ripe and concrete controversy needed for Article III jurisdiction.  Because 3taps's assertion of Article III jurisdiction is premised on the nature of the offerings of its website, the entirety of the website— not just the alleged "Data Shop" 3taps cherrypicked in its SAC—is properly incorporated into the SAC.  *See Khoja*, 899 F.3d at 1002 ("The [incorporation by reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").  Further, Courts routinely take judicial notice of public webpages.  *See, e.g., Opperman v. Path, Inc.,* 205 F. Supp. 3d 1064, 1080 (N.D. Cal. 2016) (taking judicial notice of a publicly available website); *Brown v. Google LLC,* 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of existence of webpage on date it was accessed); *Datel Holdings Ltd. v. Microsoft Corp.,* 712 F. Supp. 2d 974, 983 (N.D.

REQUEST FOR JUDICIAL NOTICE
18-cv-00855-EMC

Cal. 2010) (taking judicial notice of documents publicly available on the internet); *Wible v. Aetna Life Ins. Co*., 375 F.Supp.2d 956, 965–66 (C.D.Cal.2005) (taking judicial notice of admissions on a website associated with a witness as well as the contents of Amazon.com web pages describing books related to the case).  Furthermore, LinkedIn is seeking notice of Exhibits 11-18 only to establish their content as of the date and time they were accessed as described in the Justice Declaration filed in support of LinkedIn's Motion to Dismiss Plaintiff's Second Amended Complaint, and not for purposes of the truth of any allegation contained therein.  *See Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).

## II.      EXHIBITS 1-4, 7-10 & 19-20 ARE JUDICIALLY NOTICEABLE UNDER FRE 201(B).

The Court should also take judicial notice of Exhibits 1-4, 7-10 & 19-20 pursuant to Federal Rule of Evidence 201(b).  Under Rule 201(b), a court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  A court may take judicial notice of matters of public record.  *Khoja*, 899 F.3d at 999.  Following this rule, courts routinely take judicial notice of documents on file in federal or state courts.  *See*, *e.g.*, *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (taking judicial notice of a declaration filed by a defendant in a prior litigation).  Courts also routinely take judicial notice of certificates of incorporation and articles of incorporation that are publicly filed with state governments.  *See, e.g., In re Yahoo! Inc. S'holder Derivative Litig.*, 153 F. Supp. 3d 1107, 1117 (N.D. Cal. 2015) ("Yahoo's articles of incorporation is subject to judicial notice, as courts routinely take judicial notice of certificates of incorporation"); *eBay Inc. v. Digital Point Sols., Inc*., 608 F. Supp. 2d 1156, 1164 n.6 (N.D. Cal. 2009) ("DPS requests judicial notice of articles of incorporation filed with the Secretary of State on May 14, 2007. The Court will take judicial notice of the fact that the corporate entity known as Digital Point Solutions, Inc. filed articles of incorporation on that date."); *Scott v. Gino Morena Enter. L.L.C.*, No. SACV 14-02046 JVS (DFMx), 2015 WL

847160, at *2 nn.3-4 (C.D. Cal. Feb. 23, 2015) ("The Court may take judicial notice of matters of public record, such as the status of GME's status as an LLC, if, as is the case here, the facts are not 'subject to reasonable dispute'…. the Court also takes judicial notice of the California Secretary of State website's explanation of the 'SOS Suspended' status that is indicated on Scott's evidence of GME's status as an LLC.").

Exhibits 1-4, 7-8, & 20 are all documents filed in court proceedings. Exhibit 1 is a copy of a final judgment and permanent injunction filed in *Craigslist, Inc. v. 3taps, Inc. et al*. Exhibit 2 is a copy of the first amended complaint filed in *Craigslist, Inc. v. 3taps, Inc. et al*. Exhibit 3 is a copy of the complaint filed in *hiQ Labs, Inc. v. LinkedIn Corp.* Exhibit 4 is a copy of an order from this Court granting a preliminary injunction in *hiQ Labs, Inc. v. LinkedIn Corp.* Exhibit 7 is a copy of an administrative motion to consider whether cases should be related filed in *hiQ Labs, Inc. v. LinkedIn Corp.* Exhibit 8 is a copy of an order from this Court granting an administrative motion to consider whether cases should be related filed in *hiQ Labs, Inc. v. LinkedIn Corp.* Exhibit 20 is a copy of the transcript of the July 15, 2022 Hearing in *hiQ Labs, Inc. v. LinkedIn Corp.* As documents filed in a court proceeding these Exhibits are properly the subject of judicial notice because such documents are "matters of public record" and "not subject to reasonable dispute." *Harris*, 682 F.3d at 1131-32. Accordingly, the Court can properly consider these filings and court orders. *See Certainteed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, No. 19-CV-00802-LHK, 2021 WL 1405477, at *4 (N.D. Cal. Apr. 14, 2021) ("Court records or proceedings in other cases are matters of public record, and therefore the proper subject of judicial notice."). Further, LinkedIn is seeking notice of Exhibits 1-4, 7-8 & 20 only to establish their content and that they were filed, and not for purposes of the truth of any allegation contained therein. *See Lee*, 250 F.3d at 689.

Exhibits 9-10 & 19 are publicly available documents posted to state government websites that are not reasonably subject to dispute. Exhibit 9 is ███████████████████ ███████████ Articles of incorporation are properly the subject of judicial notice. *See In re Yahoo! Inc. S'holder Derivative Litig.*, 153 F. Supp. 3d at 1117 ("Yahoo's articles of incorporation is subject to judicial notice, as courts routinely take judicial notice of certificates of

incorporation").  Exhibits 10 and 19 are certificates published by state governments and signed by the Secretary of State of California and Delaware, respectively.  Courts may take judicial notice of the status of corporations.  *Scott*, 2015 WL 847160, at *2 nn.3-4 ("The Court may take judicial notice of matters of public record, such as the status of GME's status as an LLC, if, as is the case here, the facts are not 'subject to reasonable dispute'…. the Court also takes judicial notice of the California Secretary of State website's explanation of the 'SOS Suspended' status that is indicated on Scott's evidence of GME's status as an LLC.").  Accordingly, the Court can properly consider these publicly-filed articles of incorporation and government certificates.

## **CONCLUSION**

For the reasons set forth above, LinkedIn respectfully requests that the Court notice the Exhibits attached hereto for consideration in connection with LinkedIn's motion to dismiss.


Dated: August 1, 2022                           Orrick, Herrington & Sutcliffe LLP


By:  _____/s/ Annette L. Hurst_____
                                    ANNETTE L. HURST
                                    Attorneys for Defendant
                                    LinkedIn Corporation