ANNETTE L. HURST (SBN 148738)
ahurst@orrick.com
NATHAN SHAFFER (SBN 282015)
nshaffer@orrick.com
DANIEL JUSTICE (SBN 291907)
djustice@orrick.com
ISAAC BEHNAWA (SBN 342441)
ibehnawa@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:    +1 415 773 5700
Facsimile:     +1 415 773 5759

*Attorneys for Defendant*
*LinkedIn Corporation*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| 3taps, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>LinkedIn Corporation,<br><br>Defendant. | Case No. 18-cv-00855-EMC<br><br>**DEFENDANT LINKEDIN CORPORATION'S ANSWER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge:        Hon. Edward M. Chen |

**ANSWER**

Defendant LinkedIn Corporation ("LinkedIn") hereby answers the allegations of Plaintiff 3taps, Inc. ("3taps"), contained in 3taps's Second Amended Complaint, as follows:

**NATURE OF THE ACTION[1]**

1.     LinkedIn admits that the Honorable Edward M. Chen of this Court issued a preliminary injunction in the matter of *hiQ Labs v. LinkedIn Corp.* and that it was ultimately affirmed by the Ninth Circuit.  3taps's characterization of the holding of the decision in the remainder of this paragraph is a legal conclusion to which no response is required; to the extent a response is required, LinkedIn denies the allegations.  LinkedIn denies any remaining allegations in Paragraph 1.

2.     LinkedIn admits that the Ninth Circuit issued an opinion on April 18, 2022.  3taps's characterization of the Ninth Circuit's opinion is a legal conclusion to which no response is required; to the extent a response is required, LinkedIn denies the allegations.  LinkedIn denies any remaining allegations in Paragraph 2.

3.     Denied.

**THE PARTIES**

4.     As to Paragraph 4, LinkedIn lacks knowledge on which to confirm or deny 3taps's statements about itself, and on that basis denies them.

5.     LinkedIn admits that it is a Delaware corporation.  LinkedIn denies that its principal place of business is in Sunnyvale, California, as alleged in Paragraph 5.  LinkedIn's principal place of business is in Mountain View, California.

**JURISDICTION AND VENUE**

6.     LinkedIn admits that Plaintiff's First Claim for Relief (denominated "cause of action") purports to seek a declaratory judgment under 28 U.S.C. Sections 2201 and 2202 that Plaintiff's unspecified proposed actions would not violate a federal statute, namely, the Computer Fraud and Abuse Act, 18 U.S.C. Section 1030.  LinkedIn denies that the Court has subject matter

---

[1] The headings in this Answer are 3taps's.  LinkedIn repeats 3taps's headings for convenience only.  References in this Answer to "Paragraphs" are to paragraphs in 3taps's Second Amended Complaint.

jurisdiction over this and the other claims for relief, and denies the remainder of Paragraph 6.

## PROCEDURAL HISTORY

7.      Admitted.

8.      LinkedIn admits that this Court requested that more information be pled regarding 3taps and its business preparations and plans in an order dated April 7, 2022.  LinkedIn admits that the Second Amended Complaint contains additional allegations from the prior version of the complaint, but denies that the additional information is sufficient to show 3taps's standing or a ripe controversy.  LinkedIn otherwise denies the allegations in Paragraph 8.

## FACTUAL ALLEGATIONS

9.      Denied.

10.     Denied.

11.     LinkedIn admits that there is a website accessible via the URL www.3taps.com that includes the quoted sentence, "One-Stop Shop for Developers," otherwise denied.

12.     LinkedIn admits that the website accessible via the URL www.3taps.com contains the language, "[w]e collect, organize, and distribute exchange-related data for developer use." LinkedIn lacks knowledge on which to confirm or deny 3taps's other statements about itself or its customers, and on that basis denies them.  LinkedIn denies the remaining allegations in Paragraph 12.

13.     As to Paragraph 13, LinkedIn lacks knowledge on which to confirm or deny 3taps's statements about itself or its private contractual arrangements, and on that basis denies them.

14.     LinkedIn admits that Hard Yaka, Inc. is an investor in 3taps.  LinkedIn admits that Hard Yaka, Inc. is an investor in hiQ.  LinkedIn admits that 3taps directed a letter to LinkedIn's counsel informing LinkedIn of 3taps's position that in reliance on Judge Chen's August 14, 2017 decision in *hiQ v. LinkedIn* "3taps intends to begin scraping publicly-available data from LinkedIn.com in the coming weeks," but denies 3taps's characterization of the letter.  LinkedIn denies all remaining allegations in this paragraph.

15.     Except as specifically admitted herein, LinkedIn denies the allegations in

Paragraph 15.  LinkedIn admits that Jonathan Blavin, attorney for LinkedIn, responded to the January 16 letter by letter dated January 24, 2018.  LinkedIn denies all remaining allegations in this paragraph.

16.     As to Paragraph 16, LinkedIn lacks knowledge on which to confirm or deny 3taps's statements about its timing and intentions bringing this suit, and on that basis denies them.

17.     Denied.

18.     As to Paragraph 18, LinkedIn lacks knowledge on which to confirm or deny 3taps's statements about itself and its software, and on that basis denies them.

19.     Denied.

20.     Denied.

21.     As to Paragraph 21, LinkedIn admits that 3taps and GlobalID share a common investor and a common chief executive officer, and otherwise lacks knowledge on which to confirm or deny 3taps's allegations, and on that basis denies them.

22.     Denied.

23.     Paragraph 23 is skipped in the Second Amended Complaint.

24.     As to Paragraph 24, LinkedIn lacks knowledge on which to confirm or deny 3taps's allegations, and on that basis denies them.

25.     As to Paragraph 25, LinkedIn lacks knowledge on which to confirm or deny 3taps's allegations, and on that basis denies them

## FIRST CAUSE OF ACTION

26.     In response to Paragraph 26, LinkedIn repeats and incorporates its responses contained in the prior paragraphs as though fully set forth herein.

27.     Admitted.

28.     Denied.

29.     Denied.

## SECOND CAUSE OF ACTION

30.     In response to Paragraph 30, LinkedIn repeats and incorporates its responses contained in the prior paragraphs as though fully set forth herein.

31. Admitted.

32. Denied.

33. Admitted that LinkedIn filed a motion to dismiss on August 13, 2021, otherwise denied.

34. Denied.

### THIRD CAUSE OF ACTION

35. In response to Paragraph 35, LinkedIn repeats and incorporates its responses contained in the prior paragraphs as though fully set forth herein.

36. Admitted.

37. Denied.

38. Denied.

### FOURTH CAUSE OF ACTION

39. In response to Paragraph 39, LinkedIn repeats and incorporates its responses contained in the prior paragraphs as though fully set forth herein.

40. Admitted.

41. Denied.

42. LinkedIn admits that it filed a motion to dismiss on August 13, 2021, otherwise denied.

43. Denied.

### PRAYER FOR RELIEF

LinkedIn denies that 3taps is entitled to any relief whatsoever.

LinkedIn demands a trial by jury on all issues so triable.

### DEFENSES

In addition to the above, LinkedIn sets forth below its defenses.  Each defense is asserted as to all claims for relief against LinkedIn, except where otherwise noted.  By setting forth these defenses, LinkedIn does not concede that these are affirmative defenses and does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to 3taps.  Further, nothing stated herein is intended or shall be construed as an

acknowledgment that any particular issue or subject matter necessarily is relevant to 3taps's allegations.  Further still, because 3taps's Second Amended Complaint is often phrased in conclusory terms, LinkedIn cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, LinkedIn has done its best to anticipate the possible affirmative defenses consistent with the requirements of Federal Rule of Civil Procedure 8(c).  LinkedIn reserves the right to assert additional defenses to the extent such defenses are or become applicable.

## FIRST DEFENSE

### (Failure to State a Claim)

3taps's Second Amended Complaint fails to state any claim upon which relief can be granted and/or to state facts sufficient to constitute a claim for relief against LinkedIn.

## SECOND DEFENSE

### (No Subject Matter Jurisdiction)

3taps's Second Amended Complaint fails to present an actual controversy between the parties.  3taps has suffered no injury in fact and therefore has suffered no harm for which LinkedIn is liable.  The Court therefore lacks subject matter jurisdiction.

## THIRD DEFENSE

### (No Basis for Attorneys' Fees)

3taps's claims for attorneys' fees are barred, in whole or in part, because 3taps fails to state any facts or legally cognizable basis upon which attorneys' fees may be granted against LinkedIn.

## FOURTH DEFENSE

### (Unclean Hands)

3taps's claims are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH DEFENSE

### (Legitimate Business Justification)

3taps's claims against LinkedIn are barred, in whole or in part, because LinkedIn has legitimate business and/or economic justifications for any alleged conduct at issue.

1

## SIXTH DEFENSE

2

**(Conduct Permitted by Law or Contract)**

3      3taps's claims against LinkedIn are barred, in whole or in part, to the extent that

4   LinkedIn's conduct is permitted by law or its User Agreement.

5

6   Dated: December 20, 2022                    Orrick, Herrington & Sutcliffe LLP

7                                              By:      */s/ Annette L. Hurst*

8                                                   ANNETTE L. HURST
                                                   Attorneys for Defendant
9                                                  LinkedIn Corporation

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LINKEDIN CORP.'S ANSWER
18-cv-00855-EMC